■ CITY OF NEW YORK, Respondent, v SAFECO INSURANCE COMPANY OF AMERICA et al., Appellants. [818 NYS2d 256]—

In an action for a declaratory judgment, the defendants separately appeal, as limited by their respective briefs, from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Partnow, J.), dated August 3, 2004, as granted the plaintiff's motion for summary judgment, denied their respective cross motions for summary judgment, and declared that they are obligated to defend, and if necessary, indemnify the plaintiff in an underlying action, inter alia, to recover damages for personal injuries pending in the Supreme Court, Kings County, under index No. 47924/01.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with one bill of costs, the motion is denied, the cross motions are granted, and it is declared that the defendants are not obligated to defend and indemnify the plaintiff in the underlying action pending in the Supreme Court, Kings County, under index No. 47924/01.

This declaratory judgment action arises from a personal injury action in which two parents, proceeding pro se and on behalf of their three daughters, sued, among others, the City of New York Administration for Children's Services (hereinafter ACS) and the Coalition for Hispanic Family Services (hereinafter the Coalition). The complaint in the underlying personal injury action alleged that, beginning in August 1998, ACS initiated petitions to have the three children removed from their home based on the observation of blood in one of the children's stool, and the child's subsequent positive test for a sexually transmitted disease. The complaint further alleged that, soon thereafter, ACS removed the children and placed them in foster care with the Coalition. The complaint stated that "the proceeding[s] were protracted because of the . . . prosecutor's failure to comply with the judge's order to produce witnesses, lab reports and medical records," and that, in October 2000, ACS discontinued its petition for lack of evidence.

Aside from the allegation that ACS placed the children with the Coalition, the complaint in the underlying personal injury action did not allege any specific wrongdoing by the Coalition. Rather, the complaint stated, albeit inartfully, four causes of ac-

tion that ostensibly implicated the Coalition. These causes of action alleged that, "[t]he defendants' combined actions [1] tore the family asunder . . . [2] interfered with the right to parent without undue state interference and cause[d] the children to lose their parents . . . [3] caused physical stres[s], emotional pain and suffering . . . [and 4] resulted in malicious prosecution and conspiracy."

After the City's request for a defense and indemnification as an "additional insured" under the Coalition's general liability policies was denied, the City commenced this declaratory judgment action against the Coalition's insurers. The City moved for summary judgment, and the insurers separately cross-moved for summary judgment. The Supreme Court, inter alia, granted the motion and denied the cross motions. We reverse.

"[A]n insurer's duty to defend its insured arises whenever the allegations in a complaint state a cause of action that gives rise to the reasonable possibility of recovery under the policy" (*Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 65 [1991]; *see Labate v Liberty Mut. Fire Ins. Co.*, 19 AD3d 652, 653 [2005]). "If the complaint contains any facts or allegations which bring the claim even potentially within the protection purchased, the insurer is obligated to defend" (*Technicon Elecs. Corp. v American Home Assur. Co.*, 74 NY2d 66, 73 [1989]).

Here, both liability insurance policies provided that the additional insured coverage applied "only with respect to liability arising out of [the Coalition's] operations." A fair and reasonable reading of the complaint in the underlying personal injury action indicates that the complaint alleged damages only arising out of ACS's decisions to remove the children, engage in protracted litigation to terminate parental rights, and to require supervised visitation with the children. Contractually, the City reserved to itself final authority for all decisions relative to the welfare of the children. Inasmuch as the complaint failed to allege any wrongdoing on the part of the Coalition, it cannot be said that any allegations of the complaint arise out of the Coalition's operations (*see Greater N.Y. Mut. Ins. Co. v Mutual Mar. Off.*, 3 AD3d 44 [2003]; *Minerva v Merchants Mut. Ins. Co.*, 117 AD2d 720 [1986]; *Town of Oyster Bay v Employers Ins. of Wausau*, 269 AD2d 387 [2000]). The City is not an additional insured for purposes of the acts set forth in the complaint in the underlying personal injury action. Accordingly, the Supreme Court should have denied the motion and granted the cross motions. Miller, J.P., Mastro, Fisher and Lunn, JJ., concur.