■ 233rd Street Partnership, L.P., et al., Appellants, v Twin City Fire Insurance Company, Respondent. [860 NYS2d 46]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered January 8, 2008, which, insofar as appealed

from, upon granting defendant's motion to renew, declared that the coverage provided by plaintiff State National Insurance Company to plaintiff 233rd Street Partnership in the underlying personal injury action was primary to the coverage under the policy provided by defendant, and that defendant was not obligated to reimburse plaintiffs for their defense expenses, unanimously reversed, on the law, with costs, to declare that State National and defendant are coprimary insurers and must share in the defense of the underlying action, and expenses thereof.

The court erred in basing its determination that defendant's policy was excess solely on the wording of that policy. We find that since, among other things, there is no primary insurance underlying defendant's policy, and its coverage is subject only to the payment of a deductible, the policy is not a true excess policy, but rather is a primary policy that, under certain circumstances, purports to shift losses to other available insurance (*see Bovis Lend Lease LMB, Inc. v Great Am. Ins. Co.*, 53 AD3d 140, 151-152 [2008]; *Cheektowaga Cent. School Dist. v Burlington Ins. Co.*, 32 AD3d 1265 [2006]). Since we find that both State National's and defendant's policies are primary, their other insurance clauses cancel each other out, and both insurers are rendered coprimary (*see State Farm Fire & Cas. Co. v LiMauro*, 65 NY2d 369, 373-374 [1985]; *Lumbermens Mut. Cas. Co. v Allstate Ins. Co.*, 51 NY2d 651, 655 [1980]). Concur—Tom, J.P., Mazzarelli, Gonzalez, Sweeny and DeGrasse, JJ.