■ ADMIRAL INSURANCE COMPANY et al., Respondents-Appellants, v STATE FARM FIRE AND CASUALTY COMPANY, Appellant-Respondent. [927 NYS2d 629]—

In November 2000, the New York State Dormitory Authority hired P&K, insured by plaintiff Admiral Insurance Company, to perform construction work at North Central Bronx Hospital. On May 14, 2001, P&K entered a subcontract with Shahid Enterprises which required Shahid to procure additional insured coverage for P&K. Shahid obtained that coverage under a policy with defendant State Farm.

On October 19, 2002, Lakhwinder Singh, a Shahid employee, was injured when he fell from a ladder at the job site. In 2003, Singh sued P&K, the City of New York and New York City Health and Hospitals Corporation. It is unclear from the record when P&K first received notice of the accident or suit.

On or about September 22, 2003, United Claims Service (UCS), as "authorized representatives for Admiral Insurance Company, the liability insurance carrier for P&K," sent a letter to Shahid, with copies to Admiral and P&K, stating: "Please accept this letter as notice that in view of the fact that our insured

[P&K] did not have any employees or equipment on this job site and that the ladder that the claimant fell from was owned by your company, we demand that you assume the defense and indemnification of this matter." UCS asked Shahid to turn the letter over to its insurance carrier.

On or about December 17, 2003, UCS sent a follow-up letter to Shahid, with copies to State Farm, Admiral and Singh's counsel, stating that Shahid was responsible for Singh's injuries and that UCS had been attempting to secure Shahid's cooperation "in the form of reporting this matter to your insurance carrier." UCS asked for information as to the Workers' Compensation carrier to whom the accident was reported and stated that the letter would serve to advise Singh's counsel that his claim should be pursued through State Farm. State Farm contends that its copy of the letter was forwarded to an inactive claims office and that it did not receive the tender until January 22, 2004.

On or about February 5, 2004, State Farm wrote to USC acknowledging receipt of the December 17, 2003 letter and requesting a copy of the file because it had no information about any alleged accident occurring on October 19, 2002. On the same date, State Farm wrote to P&K, requesting information, and to Shahid, asking its principal to call. State Farm also noted that it had been attempting unsuccessfully to contact Shahid.

By letter dated March 19, 2004, addressed to P&K with copies to UCS, Admiral, Singh's counsel and Shahid, State Farm reserved its rights to deny defense and indemnity to P&K based on late notice. By letter dated March 22, 2004, UCS advised State Farm that Shahid had been placed on notice on September 22, 2003 and reiterated its request that State Farm assume the defense of P&K based upon the contractual and indemnification agreement in the subcontract. By letter dated March 23, 2004, addressed to USC with a copy to P&K, State Farm responded that it needed to know when P&K was first given notice of the claim, and whether the matter was in suit.

By letter dated April 13, 2004, addressed to P&K with copies to UCS, Admiral, Shahid, and Singh's attorney, State Farm advised P&K that it was disclaiming coverage based on P&K's alleged failure to give prompt notice. In February 2007, Admiral and P&K commenced this suit seeking a declaration that the State Farm policy offers primary coverage for the Singh action and that State Farm is obligated to defend and indemnify P&K for any damages awarded against P&K in that action and to reimburse Admiral and P&K for all attorneys' fees, costs, expenses and disbursements they had expended therein. State Farm

alleged as an affirmative defense that plaintiffs failed to notify it promptly of the accident, claim and suit, as required by the policy.

Plaintiffs moved for summary judgment on the ground that State Farm's April 14, 2004 disclaimer was untimely, and that State Farm thus failed to comply with Insurance Law § 3420 (d). State Farm opposed and cross-moved for summary judgment dismissing the complaint, arguing that Insurance Law § 3420 (d) was not applicable, and that, even if it were, any delay in issuing its denial of coverage was reasonable. Sometime prior to the determination of the motions, the Singh action was settled at mediation, attended by counsel for P&K and Admiral, for $975,000. P&K's share of the settlement was $900,000, which is within the limits of both the Admiral and State Farm policies.

Supreme Court denied both the motion and cross motion. The court found that while Insurance Law § 3420 (d) applied because this action was commenced long before the settlement in the underlying action, and P&K, a coplaintiff, had a real stake in its outcome, there was a question of fact as to whether State Farm had disclaimed coverage as soon as was reasonably possible. We now affirm.

Insurance Law § 3420 (d) (2) requires that an insurer intending to disclaim liability under a liability policy "shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant." "The purpose of Insurance Law § 3420 (d) is to protect the insured, the injured party 'and any other interested party who has a real stake in the outcome' from prejudice resulting from a belated denial of coverage" (*Tops Mkts. v Maryland Cas.*, 267 AD2d 999, 1000 [1999], quoting *Excelsior Ins. Co. v Antretter Contr. Corp.*, 262 AD2d 124, 127 [1999]). Recognizing that this is not a risk to which a coinsurer is subject, New York courts have held that section 3420 (d) does not apply to an insurer seeking contribution from a coinsurer for the defense and indemnification of an alleged joint insured (*see American Guar. & Liab. Ins. Co. v State Natl. Ins. Co., Inc.*, 67 AD3d 488 [2009]; *Bovis Lend Lease LMB, Inc. v Royal Surplus Lines Ins. Co.*, 27 AD3d 84, 92 [2005]; *AIU Ins. Co. v Investors Ins. Co.*, 17 AD3d 259, 260 [2005]; *Tops Mkts.*, 267 AD2d at 1000).

In contrast, an insurer has been required to give timely notice of disclaimer pursuant to Insurance Law § 3420 (d), where the letter requesting a defense and indemnity was sent by the plaintiff's insurance carrier on behalf of the plaintiff (*see*

*Industry City Mgt. v Atlantic Mut. Ins. Co.*, 64 AD3d 433, 433-434 [2009] ["Industry correctly argues that a March 2005 letter to defendant, written on Industry's behalf by its own insurer's claims administrator, seeking coverage for Industry as an additional insured, constituted timely notice to the insurer within the meaning of Insurance Law § 3420 (a) (3), and as such required a timely disclaimer from defendant"]; *J.T. Magen v Hartford Fire Ins. Co.*, 64 AD3d 266, 269 [2009] ["the tender letter insurer Travelers wrote on behalf of plaintiff and others to insurance carrier Hartford—asking that their mutual insureds be provided with a defense and indemnity, as additional insureds under the policy issued to Erath—fulfills the policy's notice of claim requirements so as to trigger the insurer's obligation to issue a timely disclaimer pursuant to Insurance Law § 3420 (d)"], *lv dismissed* 13 NY3d 889 [2009]; *233 E. 17th St., LLC v L.G.B. Dev., Inc.*, 78 AD3d 930, 932 [2010] ["Contrary to Mt. Hawley's contention, it was required to give timely notice of disclaimer pursuant to Insurance Law § 3420 (d), even though the letter requesting a defense and indemnity was sent by the plaintiff's insurance carrier on behalf of the plaintiff"]).

Here too, the relevant correspondence demonstrates that the tender was issued on P&K's behalf and fulfilled the State Farm policy's notice of claim requirements so as to trigger State Farm's obligation to issue a timely disclaimer to P&K pursuant to Insurance Law § 3420 (d). In its September 22, 2003 letter to Shahid, UCS, as Admiral's representative, sought a defense and indemnification for P&K. UCS's December 17, 2003 follow-up, which referenced the September 22, 2003 letter, was sent to Shahid and State Farm. When State Farm received the letter, it acknowledged the claim and, among other things, wrote directly to P&K, requesting information. By letter dated March 19, 2004, State Farm addressed its reservation of rights letter to P&K. In its March 22, 2004 letter, UCS reiterated its request that State Farm assume the defense of P&K based upon the contractual and indemnification agreement in the subcontract. State Farm's April 13, 2004 disclaimer letter was addressed to P&K.

P&K is also a named plaintiff in this declaratory judgment action. At the time the action was commenced, the Singh action remained pending. While the action was later settled, the rider to the mediation agreement expressly states that State Farm declined to participate in the mediation or contribute to the settlement, which was without prejudice to P&K's and Admiral's right to pursue this declaratory judgment action.

Although Insurance Law § 3420 (d) is applicable to the tender on behalf of P&K, triable issues of fact exist regarding the

timeliness of State Farm's disclaimer, given the factual dispute as to whether any delay in issuing its denial of coverage was brought about by the deliberate failure of Admiral and UCS to respond to State Farm's reasonable and good faith request for assistance in investigating the underlying claim.

The timeliness of a disclaimer is generally a question of fact (*see Continental Cas. Co. v Stradford*, 11 NY3d 443, 449 [2008]), unless the basis for the disclaimer was, or should have been, readily apparent before the onset of the delay (*see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 69 [2003]; *West 16th St. Tenants Corp. v Public Serv. Mut. Ins. Co.*, 290 AD2d 278, 279 [2002], *lv denied* 98 NY2d 605 [2002]). "An insurer is not required to disclaim on timeliness grounds before conducting a prompt, reasonable investigation into other possible grounds for disclaimer; in fact, a reasonable investigation is preferable to piecemeal disclaimers" (*DiGuglielmo v Travelers Prop. Cas.*, 6 AD3d 344, 346 [2004], *lv denied* 3 NY3d 608 [2004] [internal quotation marks omitted]).

Here, plaintiffs' claim that State Farm delayed 113 days is based on their contention that State Farm could have disclaimed upon receiving the December 17, 2003 letter. However, an issue of fact exists as to whether State Farm acted reasonably in seeking to investigate further inasmuch as that letter contained no information regarding when P&K received notice of the incident or suit, and thus did not make it "readily apparent" that State Farm had the right to disclaim coverage. Moreover, this Court has disapproved of the policy urged by plaintiffs to "disclaim now and investigate later" (*Ace Packing Co., Inc. v Campbell Solberg Assoc., Inc.*, 41 AD3d 12, 15-16 [2007] [internal quotation marks omitted]).

Finally, we note that if coverage is available under the State Farm policy, it would be a coprimary insurer with Admiral (*see 233rd St. Partnership, L.P. v Twin City Fire Ins. Co.*, 52 AD3d 292, 293 [2008]). Concur—Andrias, J.P., Saxe, Moskowitz, Acosta and Freedman, JJ.