■ MURRAY L. FRANK et al., Appellants, v CONTINENTAL CASUALTY COMPANY, Also Known as CNA, et al., Respondents. [999 NYS2d 836]—

In an action, inter alia, for a judgment declaring that the defendants Continental Casualty Company and Leading Insurance Group Insurance Co., Ltd., are obligated to defend and indemnify the plaintiffs in an underlying action entitled *Colon v Frank,* pending in the Supreme Court, Kings County, under index No. 4224/09, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated March 20, 2013, as granted the mo-

tion of the defendant Continental Casualty Company for summary judgment dismissing the complaint insofar as asserted against it, granted the separate motion of the defendant Leading Insurance Group Insurance Co., Ltd., for summary judgment declaring that it was not obligated to defend or indemnify the plaintiff Murray L. Frank in the underlying action, and denied those branches of the plaintiffs' cross motion which were for summary judgment declaring that they are additional insureds under a policy issued by the defendant Continental Casualty Company and that Continental Casualty Company is obligated to defend them in the underlying action.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting the motion of the defendant Continental Casualty Company for summary judgment, and substituting therefor a provision denying that motion, and (2) by deleting the provision thereof denying those branches of the plaintiffs' cross motion which were for summary judgment declaring that they are additional insureds under the policy issued by the defendant Continental Casualty Company and that the defendant Continental Casualty Company is obligated to defend them in the underlying action, and substituting therefor a provision granting those branches of the plaintiffs' cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the defendant Continental Casualty Company to the plaintiffs, and one bill of costs payable by the plaintiffs to the defendant Leading Insurance Group Insurance Co., Ltd., and the matter remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the plaintiffs are additional insureds under the policy issued by the defendant Continental Casualty Company, that the defendant Continental Casualty Company is obligated to defend the plaintiffs in the underlying action, and that the defendant Leading Insurance Group Insurance Co., Ltd., is not obligated to defend or indemnify the plaintiffs in the underlying action.

At issue in this case is the defendant insurance carriers' duty to defend or indemnify the plaintiffs in an underlying action against the plaintiffs to recover damages for personal injuries allegedly sustained on August 25, 2008, when Gloria Colon allegedly slipped and fell due to a defective condition on the public sidewalk outside of premises owned by the plaintiffs. At her deposition, Colon claimed that, as she walked past clothing racks on the sidewalk, she tripped, and her husband thereafter told her that she tripped on a crack in the sidewalk.

The plaintiffs leased the premises to White Plains Sportswear Corp., which in turn subleased the premises to Pretty Girl, Inc.

The general liability insurance carrier of White Plains Sportswear Corp. was Continental Casualty Company (hereinafter Continental), and the general liability insurance carrier of Pretty Girl, Inc., was Leading Insurance Group Insurance Co., Ltd. (hereinafter Leading).

In the order appealed from, the Supreme Court granted Continental's motion for summary judgment, and Leading's separate motion for summary judgment, and denied those branches of the plaintiffs' cross motion which were for summary judgment declaring that they are additional insureds under Continental's policy and that Continental is obligated to defend them in the underlying action. We conclude that Continental is obligated to defend the plaintiffs in the underlying action, and that Leading is not so obligated.

An insurance carrier's duty to defend arises whenever the allegations in a complaint state a cause of action that gives rise to the reasonable possibility of recovery under the policy. If any of the claims against an insured arguably arise from covered events, the insurer is required to defend the entire action (see *Fieldston Prop. Owners Assn., Inc. v Hermitage Ins. Co., Inc.*, 16 NY3d 257, 264 [2011]; *Scottsdale Indem. Co. v Beckerman*, 120 AD3d 1215 [2014]; *Salt Constr. Corp. v Farm Family Cas. Ins. Co.*, 120 AD3d 568 [2014]). If the allegations of the complaint are even potentially within the language of the insurance policy, there is a duty to defend (see *Town of Massena v Healthcare Underwriters Mut. Ins. Co.*, 98 NY2d 435, 443 [2002]; *Natural Organics, Inc. v OneBeacon Am. Ins. Co.*, 102 AD3d 756, 758 [2013]; *City of New York v Safeco Ins. Co. of Am.*, 31 AD3d 478, 480 [2006]).

On its motion, Continental failed to establish, prima facie, that it had no duty under the subject policy to defend the plaintiffs in the underlying action. The Continental policy contains an endorsement stating that a lessor of premises is an additional insured with respect to liability arising out of the ownership, maintenance, or use of the specific part of the premises leased. The plaintiffs, who are the owners and lessors of the subject premises, established that their potential liability in the underlying action arises out of the ownership, maintenance, or use of the specific part of the premises leased to Continental's insured, White Plains Sportswear Corp., and sublet to Pretty Girl, Inc.

Inasmuch as Administrative Code of the City of New York § 7-210 imposes liability on owners of commercial property for defective conditions on sidewalks, the plaintiffs' potential liability arises from their ownership of the leased premises (see

*L&B Estates, LLC v Allstate Ins.*, 71 AD3d 834, 836 [2010]). The underlying claim arises out of the maintenance or use of the leased premises, as the sidewalk was necessarily used for access in and out of the leased building (*see ZKZ Assoc. v CNA Ins. Co.*, 89 NY2d 990 [1997]; *1515 Broadway Fee Owner, LLC v Seneca Ins. Co., Inc.*, 90 AD3d 436, 437 [2011]; *Jenel Mgt. Corp. v Pacific Ins. Co.*, 55 AD3d 313 [2008]; *Ambrosio v Newburgh Enlarged City School Dist.*, 5 AD3d 410, 412 [2004]). Continental's remaining contentions are without merit. Since the allegations in the complaint are potentially within the language of the Continental policy, Continental has a duty to defend the plaintiffs in the underlying action. Thus, the Supreme Court should have denied Continental's motion and granted those branches of the plaintiffs' cross motion which were for summary judgment declaring that they are additional insureds under the policy issued by Continental and that Continental is obligated to defend them in the underlying action.

However, the Supreme Court did not err in granting Leading's separate motion for summary judgment, since, at the time of the accident, the plaintiffs were not listed as additional insureds under the policy. The plaintiff Murray L. Frank was not listed as an additional insured under an endorsement until November 21, 2008, about three months after the accident. Therefore, Leading had no duty to defend or indemnify Frank or any of the other plaintiffs (*see York Restoration Corp. v Solty's Constr., Inc.*, 79 AD3d 861, 862 [2010]; *ADF Constr. Corp. v Home Insulation & Supply*, 237 AD2d 915, 916 [1997]).

The plaintiffs failed to offer an evidentiary basis to suggest that further discovery might lead to relevant evidence. The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is an insufficient basis for denying a motion for summary judgment (*see Hanover Ins. Co. v Prakin*, 81 AD3d 778, 780 [2011]; *Woodard v Thomas*, 77 AD3d 738, 740 [2010]).

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment declaring that the plaintiffs are additional insureds under the policy issued by the defendant Continental Casualty Company, that the defendant Continental Casualty Company is obligated to defend them in the underlying action, and that the defendant Leading Insurance Group Insurance Co., Ltd., is not obligated to defend or indemnify the plaintiffs in the underlying action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Rivera, J.P., Hinds-Radix, Duffy and LaSalle, JJ., concur.