# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1305

CA 16-00751

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

MICHAEL J. STACHOWSKI, AS GUARDIAN OF THE
PROPERTY OF TAQUILO CASTELLANOS, AN INFANT,
ROGELIO CASTELLANOS, JR., INDIVIDUALLY, AND
AS PARENT AND NATURAL GUARDIAN OF TAQUILO
CASTELLANOS, AN INFANT, AND TAQUILO CASTELLANOS,
AN INFANT, PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

UNITED FRONTIER MUTUAL INSURANCE CO.,
DEFENDANT-APPELLANT.

---

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (ADAM R. DURST OF COUNSEL),
FOR DEFENDANT-APPELLANT.

CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (ARTHUR A. HERDZIK OF
COUNSEL), FOR PLAINTIFFS-RESPONDENTS MICHAEL J. STACHOWSKI, AS
GUARDIAN OF THE PROPERTY OF TAQUILO CASTELLANOS, AN INFANT, AND
TAQUILO CASTELLANOS, AN INFANT.

---

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered February 1, 2016. The judgment, among other things, denied the motion of defendant for summary judgment and granted the cross motion of plaintiffs Michael J. Stachowski, as guardian of the property of Taquilo Castellanos, and Taquilo Castellanos, for summary judgment.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by denying the cross motion of plaintiffs Michael J. Stachowski, as guardian of the property of Taquilo Castellanos, and Taquilo Castellanos and vacating the declaration, and as modified the judgment is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking, inter alia, a declaration that defendant is obligated to defend and indemnify them in the underlying personal injury action arising out of a dog bite. Defendant disclaimed liability under the homeowner's policy issued to plaintiff Taquilo Castellanos (Taquilo) based upon the exclusion for canine-related injuries "caused by any dog . . . owned, harbored, or in *your* care . . . when such injury or damage is caused by . . . [a]ny dog that has not had inoculations as required by law." Defendant appeals from a judgment that, inter alia, denied its motion for summary judgment and granted the cross motion of Taquilo and plaintiff Michael J. Stachowski, as guardian of the property of

Taquilo (Stachowski) for summary judgment declaring that defendant is obligated to defend and indemnify Taquilo and Stachowski in the underlying action.

Pursuant to Insurance Law § 3420 (d) (2), defendant was required to provide written notice of its disclaimer "as soon as [was] reasonably possible."  Defendant had the burden of establishing the reasonableness of its approximately 12-week delay in providing the notice of disclaimer (*see Nuzzo v Griffin Tech.*, 222 AD2d 184, 189, *lv dismissed* 89 NY2d 981, *lv denied* 91 NY2d 802) and, here, it sought to justify the delay based upon its need for an investigation into issues bearing on its coverage decision (*see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 69).

"Normally the question whether a notice of disclaimer of liability or denial of coverage has been sent 'as soon as is reasonably possible' is a question of fact which depends on all the facts and circumstances, especially the length of and the reason for the delay . . . It is only in the exceptional case that it may be decided as a matter of law" (*Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1030, *rearg denied* 47 NY2d 951).  This is not such an exceptional case.  We thus conclude that, while Supreme Court properly denied defendant's motion, it erred in granting the cross motion of Taquilo and Stachowski.  Issues of fact remain whether the "delay in disclaiming was reasonably related to [defendant's] performance of a prompt, diligent, thorough, and necessary investigation" into whether the dog had the inoculations required by law, i.e., a rabies vaccination (*Matter of Country-Wide Ins. Co. v Ramirez*, 104 AD3d 850, 851; *see Admiral Ins. Co. v State Farm Fire & Cas. Co.*, 86 AD3d 486, 490).  We therefore modify the judgment accordingly.

Entered:  March 24, 2017                    Frances E. Cafarell
                                            Clerk of the Court