ADD Plumbing, Inc. v Burlington Ins. Co. (2021 NY Slip Op 01498)





ADD Plumbing, Inc. v Burlington Ins. Co.


2021 NY Slip Op 01498


Decided on March 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Mendez, Shulman, JJ. 


Index No. 652899/16 Appeal No. 13368 Case No. 2020-02059 

[*1]ADD Plumbing, Inc., Plaintiff-Appellant,
v
The Burlington Insurance Company, Defendant-Respondent.


Delahunt Law PLLC, Buffalo (Timothy E. Delahunt of counsel), for appellant.
Adrian & Associates, LLC, New York (James M. Adrian of counsel), for respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered January 17, 2020, which, inter alia, denied plaintiff's motion for summary judgment for a declaration of coverage, and granted defendant's motion which sought a declaration that it is not obligated to defend or indemnify plaintiff, unanimously reversed, on the law, with costs, defendant's motion denied, plaintiff's motion granted and it is declared that defendant has a duty to defend and indemnify plaintiff in the underlying action.
"[A] timely disclaimer pursuant to Insurance Law § 3420(d) is required when a claim falls within the coverage terms but is denied based on a policy exclusion" (GHP Partners, LLC v American Home Assur. Co., 87 AD3d 843, 843 [1st Dept 2011] [internal quotation marks and citations omitted]). The purpose of Insurance Law § 3420 is to protect the insured, injured party, or any other claimant with an interest in the outcome, from prejudice based on a delayed denial of coverage (see Admiral Ins. Co. v State Farm Fire & Cas. Co., 86 AD3d 486, 488 [1st Dept 2011]). "[T]imeliness of an insurer's disclaimer is measured from the point in time when the insurer first learns of the grounds for disclaimer of liability or denial of coverage" (Country-Wide Ins. Co. v Preferred Trucking Servs. Corp., 22 NY3d 571, 575-576 [2014] [internal quotation marks omitted]). The question as to whether the insurer disclaimed coverage as soon as reasonably possible after it first learns of the ground for disclaimer is necessarily case-specific (id. at 576). "However, where there is no excuse or mitigating factor, the issue poses a legal question for the court, and courts have found relatively short periods to be unreasonable as a matter of law" (Travelers Ins. Co. v Volmar Constr. Co., 300 AD2d 40, 43 [1st Dept 2002] [internal quotation marks omitted]).
Here, defendant's disclaimer, dated December 24, 2014, was untimely as a matter of law. Defendant's position that it only received plaintiff's claim on December 16, 2014 is unpersuasive. Defendant was on notice of the underlying accident several months before it disclaimed coverage and commenced an investigation with respect to the alleged accident. Therefore, defendant was sufficiently aware of the facts that would support a disclaimer, but waited almost two months before disclaiming coverage (GHPPartners, LLC, 87 AD3d at 844).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 16, 2021