Isidore Margel Trust Mitzi Zank Trustee v Mt. Hawley Ins. Co. (2021 NY Slip Op 03828)





Isidore Margel Trust Mitzi Zank Trustee v Mt. Hawley Ins. Co.


2021 NY Slip Op 03828


Decided on June 16, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2018-09396
 (Index No. 9795/16)

[*1]Isidore Margel Trust Mitzi Zank Trustee, respondent,
v
Mt. Hawley Insurance Company, appellant, et al., defendant.


Delahunt Law, PLLC, Buffalo, NY (Timothy E. Delahunt of counsel), for appellant.
Law Offices of Curtis, Vasile, Mehary & Dorry P.C., Merrick, NY (Patricia M. D'Antone of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the defendant Mt. Hawley Insurance Company is obligated to defend and indemnify the plaintiff in an underlying action entitled Burtman v Mitzi Zank Trustee Isidor Margel Trust 12/29/1976, pending in the Supreme Court, Kings County, under Index No. 502521/15, the defendant Mt. Hawley Insurance Company appeals from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered June 6, 2018. The order denied that defendant's motion, in effect, for summary judgment declaring that it is not obligated to defend and indemnify the plaintiff in the underlying action, and granted the plaintiff's cross motion for summary judgment declaring that the defendant Mt. Hawley Insurance Company is obligated to defend and indemnify the plaintiff in the underlying action.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the defendant Mt. Hawley Insurance Company is obligated to defend and indemnify the plaintiff in the underlying action entitled Burtman v Mitzi Zank Trustee Isidor Margel Trust 12/29/1976, pending in the Supreme Court, Kings County, under Index No. 502521/15.
Ludmila Burtman commenced an action (hereinafter the underlying action) against Mitzi Zank Trustee Isidor Margel Trust 12/29/1976, named herein as Isidore Margel Trust Mitzi Zank Trustee (hereinafter the plaintiff), and its lessee, 3720 Nostrand Laudromat, LLC (hereinafter the tenant), in which she alleged that she sustained injuries when she fell on a sidewalk abutting the plaintiff's premises. The plaintiff then commenced the instant action against Mt. Hawley Insurance Company (hereinafter Mt. Hawley) and the tenant, alleging, inter alia, that Mt. Hawley must defend and indemnify it in the underlying action.
Following discovery, Mt. Hawley moved for summary judgment, in effect, declaring that it is not obligated to defend and indemnify the plaintiff in the underlying action, and the plaintiff cross-moved for summary judgment declaring that Mt. Hawley is obligated to defend and indemnify it in the underlying action. The Supreme Court denied Mt. Hawley's motion and granted the plaintiff's cross motion. Mt. Hawley appeals.
The evidence submitted by the parties in support of their respective motion and cross motion demonstrated that an additional insured endorsement on a policy issued by Mt. Hawley provided that the plaintiff was an additional insured for liability "arising out of the ownership, maintenance or use" of that part of the premises leased to the tenant. Inasmuch as Administrative Code of the City of New York § 7-210 imposes liability on owners of commercial property for defective conditions on sidewalks, the plaintiff's potential liability arises from its ownership of the premises leased to the tenant (see Frank v Continental Cas. Co., 123 AD3d 878, 880-881; L & B Estates, LLC v Allstate Ins., 71 AD3d 834, 836). Furthermore, the underlying action arises out of the maintenance or use of the leased premises, as the sidewalk was necessarily used for access in and out of the leased premises (see ZKZ Assoc. v CNA Ins. Co., 89 NY2d 990, 991; Frank v Continental Cas. Co., 123 AD3d at 881; Antoine v City of New York, 56 AD3d 583, 585; Ambrosio v Newburgh Enlarged City School Dist., 5 AD3d 410, 412). Therefore, on its motion for summary judgment, Mt. Hawley failed to establish its prima facie entitlement to judgment as a matter of law, and on its cross motion for summary judgment, the plaintiff met its prima facie burden, and Mt. Hawley failed to raise a triable issue of fact in opposition.
Accordingly, the Supreme Court properly denied Mt. Hawley's motion and granted the plaintiff's cross motion. Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that Mt. Hawley is obligated to defend and indemnify the plaintiff in the underlying action (see Lanza v Wagner, 11 NY2d 317, 334).
CHAMBERS, J.P., HINDS-RADIX, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court