Alexander's Rego Shopping Ctr., Inc. v Safety Natl. Cas. Corp. (2022 NY Slip Op 00836)





Alexander's Rego Shopping Ctr., Inc. v Safety Natl. Cas. Corp.


2022 NY Slip Op 00836


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER, JJ.


2018-14528
 (Index No. 704045/17)

[*1]Alexander's Rego Shopping Center, Inc., et al., appellants, 
v
Safety National Casualty Corporation, et al., respondents.


Ford Marrin Esposito Witmeyer & Glesler, LLP, New York, NY (Joseph D. Ambrosio and John A. Mattoon, Jr., of counsel), for appellants.
Stonberg Moran, LLP, New York, NY (James M. Haddad of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the defendant Safety National Casualty Corporation is obligated to defend and if necessary indemnify the plaintiffs in an underlying personal injury action entitled Sanchez v City of New York, commenced in the Supreme Court, Queens County, under Index No. 700876/13, or, in the alternative, to recover damages for failure to procure insurance, the plaintiffs appeal from an order of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), entered November 16, 2018. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was for summary judgment declaring that the defendant Safety National Casualty Corporation is obligated to defend and if necessary indemnify the plaintiffs in that underlying action, and granted the defendants' cross motion for summary judgment dismissing the complaint and declaring that the defendant Safety National Casualty Corporation is not obligated to defend and if necessary indemnify the plaintiffs in that underlying action.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiffs' motion which was for summary judgment declaring that the defendant Safety National Casualty Corporation is obligated to defend and if necessary indemnify the plaintiffs in the underlying action is granted, the defendants' cross motion is denied, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the defendant Safety National Casualty Corporation is obligated to defend and if necessary indemnify the plaintiffs in the underlying action entitled Sanchez v City of New York, commenced in the Supreme Court, Queens County, under Index No. 700876/13.
In December 1996, the defendant Bed Bath & Beyond, Inc. (hereinafter Bed Bath & Beyond), leased third-floor retail and office space at a shopping center in Queens. In April 2012, Ruben Sanchez, an employee of Bed Bath & Beyond, allegedly was injured while using a third-floor freight elevator during the course of his employment. Sanchez subsequently commenced a personal injury action against Alexander's Rego Shopping Center, Inc., and Vornado Realty Trust (hereinafter together the plaintiffs), among others. In March 2017, the plaintiffs commenced this action against Bed Bath & Beyond and the defendant Safety National Casualty Corporation (hereinafter Safety National Casualty), which had issued a commercial general liability insurance policy to Bed Bath & Beyond, seeking, inter alia, a declaration that the Safety National Casualty policy provided the plaintiffs with coverage for the accident, since they are additional insureds on the policy.
The plaintiffs moved, among other things, for summary judgment declaring that Safety National Casualty is obligated to defend and if necessary indemnify them in the underlying personal injury action, and the defendants cross-moved for summary judgment dismissing the complaint and declaring that Safety National Casualty is not so obligated. The Supreme Court, inter alia, denied that branch of the plaintiffs' motion and granted the defendants' cross motion. The plaintiffs appeal. We reverse insofar as appealed from.
The plaintiffs established, prima facie, that they were entitled to summary judgment on their cause of action for a declaration that Safety National Casualty is obligated to defend and if necessary indemnify them as additional insureds for liability arising out of the ownership, maintenance, or use of the leased premises, which included the elevator in question, which was used by Bed Bath & Beyond in the course of its business to provide it with access to the leased premises (see Isidore Margel Trust Mitzi Zank Trustee v Mt. Hawley Ins. Co., 195 AD3d 799). In opposition, the defendants did not raise a triable issue of fact (see Mack-Cali Realty Corp. v NGM Ins. Co., 119 AD3d 905). Accordingly, the Supreme Court erred in denying that branch of the plaintiffs' motion which was for summary judgment declaring that Safety National Casualty is obligated to defend and if necessary indemnify the plaintiffs in an underlying personal injury action entitled Sanchez v City of New York, commenced in the Supreme Court, Queens County, under Index No. 700876/13, and in granting the defendants' cross motion for summary judgment dismissing the complaint and declaring that Safety National Casualty is not obligated to defend and if necessary indemnify the plaintiffs in that underlying action.
The question of whether summary judgment in favor of the plaintiffs is warranted with respect to the second and third causes of action, which relate to primary and excess insurance coverage and damages, is beyond the scope of this appeal.
The defendants' remaining contentions are without merit.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that Safety National Casualty is obligated to defend and if necessary indemnify the plaintiffs in the underlying action entitled Sanchez v City of New York, commenced in the Supreme Court, Queens County, under Index No. 700876/13 (see Lanza v Wagner, 11 NY2d 317).
CONNOLLY, J.P., CHAMBERS, HINDS-RADIX and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court