1416 Coney Is. Realty, LLC v Wesco Ins. Co. (2023 NY Slip Op 03320)

1416 Coney Is. Realty, LLC v Wesco Ins. Co.

2023 NY Slip Op 03320

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.

2019-09564
 (Index No. 502686/19)

[*1]1416 Coney Island Realty, LLC, et al., plaintiffs-respondents, 
v
Wesco Insurance Company, appellant, Melvin Meyer, etc., et al., nominal defendants-respondents.

Kennedys CMK LLP, New York, NY (Max W. Gershweir of counsel), for appellant.
Butler, Fitzgerald, Fiveson & McCarthy, A Professional Corporation, New York, NY (David K. Fiveson of counsel), for plaintiffs-respondents and nominal defendants-respondents.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the defendant is obligated to indemnify the plaintiff 1416 Coney Island Realty, LLC, and to defend and indemnify, as additional insureds, the nominal defendants, in an underlying action entitled Spodek v Meyer, pending in the Supreme Court, Kings County, under Index No. 502549/17, the defendant appeals from an order of the Supreme Court, Kings County (Richard J. Montelione, J.), dated June 27, 2019. The order, insofar as appealed from, denied those branches of the defendant's cross-motion which were for summary judgment dismissing the complaint and declaring that it has no duty to defend or indemnify the nominal defendants, and no duty to indemnify the plaintiff 1416 Coney Island Realty, LLC, in the underlying action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On August 30, 2016, nonparty Ira Spodek allegedly slipped and fell due to a defective condition on a public sidewalk outside of premises (hereinafter the leased premises) owned by the nominal defendants, Melvin Meyer, as the executor of the estate of Michelle Meyer, Molline Cassuto, and Alan Kwartner (hereinafter collectively the owners), and leased to the plaintiff 1416 Coney Island Realty, LLC (hereinafter Coney Island). Ira Spodek and Paula Spodek (hereinafter together the Spodeks) commenced a personal injury action against Coney Island and the owners, among others (hereinafter the underlying action).
The defendant, Wesco Insurance Company (hereinafter Wesco), insured the leased premises pursuant to a commercial general liability policy, effective August 7, 2016, to August 7, 2017. Coney Island was the named insured on the policy, and the owners were listed as additional insureds. Wesco was notified of the underlying action upon its receipt of the complaint on March 8, 2017. AmTrust North America, on behalf of Wesco, disclaimed coverage as to the owners, relying on a provision in the policy excluding coverage as to the owners for liability for bodily injury "that is not sustained within that part of the premises leased to [Coney Island]," and conditionally disclaimed coverage as to Coney Island only if it was determined that the accident occurred on the [*2]sidewalk abutting the adjacent premises, rather than on the sidewalk abutting the leased premises.
On February 6, 2019, the plaintiffs commenced this action, among other things, for a judgment declaring that Wesco is obligated to defend the owners in the underlying action and to indemnify the owners in the event the Spodeks' claims are determined to arise out of an occurrence on the sidewalk in front of the leased premises and are not determined to have arisen out of a duty imposed on the owners by statute, ordinance, or law. The plaintiffs additionally sought a judgment declaring that Wesco is obligated to indemnify Coney Island in the underlying action in the event that liability arose from an occurrence on the sidewalk in front of the leased premises, and to reimburse the owners and Coney Island for legal fees and expenses they incurred in defending the underlying action.
The plaintiffs moved for leave to enter a default judgment against Wesco, and Wesco cross-moved pursuant to CPLR 3012(d) to compel the acceptance of its late answer and for summary judgment dismissing the complaint and declaring, among other things, that it has no duty to defend or indemnify the owners, and no duty to indemnify Coney Island, in the underlying action. By order dated June 27, 2019, the Supreme Court, inter alia, denied those branches of Wesco's cross-motion which were for summary judgment dismissing the complaint and for declaratory relief. Wesco appeals, and we affirm the order insofar as appealed from.
An insurance carrier's duty to defend "arises whenever the allegations in a complaint state a cause of action that gives rise to the reasonable possibility of recovery under the policy" (Fieldston Prop. Owners Assn., Inc. v Hermitage Ins. Co., Inc., 16 NY3d 257, 264 [internal quotation marks omitted]). "If any of the claims against an insured arguably arise from covered events, the insurer is required to defend the entire action" (id. At 264 [internal quotation marks omitted]). "If the allegations of the complaint are even potentially within the language of the insurance policy, there is a duty to defend" (Town of Massena v Healthcare Underwriters Mut. Ins. Co., 98 NY2d 435, 443).
Here, Wesco failed to establish, prima facie, that it has no duty under the subject policy to defend the owners in the underlying action. The owners' potential liability in the underlying action arose out of their ownership, maintenance, or use of the leased premises, as the sidewalk was necessarily used for access in and out of the leased premises (see ZKZ Assoc. v CNA Ins. Co., 89 NY2d 990, 991; Isidore Margel Trust Mitzi Zank Trustee v Mt. Hawley Ins. Co., 195 AD3d 799, 801; Frank v Continental Cas. Co., 123 AD3d 878, 879-880). Contrary to Wesco's contention, it failed to establish, prima facie, that the sidewalk was specifically excluded from coverage under the policy, pursuant to a provision excluding coverage as to the additional insureds for liability arising from injury not sustained within the leased premises.
Moreover, Wesco failed to establish, prima facie, that it has no duty to indemnify the owners and Coney Island. Here, the duty depends upon the extent to which the negligence of the owners and Coney Island contributed to the injuries of the injured plaintiff in the underlying action (see Cordial Greens Country Club v Aetna Cas. & Sur. Co., 41 NY2d 996, 997; Healy v 169 E. 69th St. Corp., 189 AD3d 680, 681).
Accordingly, the Supreme Court properly denied those branches of Wesco's cross-motion which were for summary judgment dismissing the complaint and declaring that it has no duty to defend the owners, and no duty to indemnify the owners and Coney Island, in the underlying action.
DUFFY, J.P., MALTESE, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court