New York City Hous. Auth. v Admiral Ins. Co. (2024 NY Slip Op 02505)

New York City Hous. Auth. v Admiral Ins. Co.

2024 NY Slip Op 02505

Decided on May 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 07, 2024

Before: Webber, J.P., Moulton, Friedman, González, Mendez, JJ. 

Index No. 451444/20 Appeal No. 2212 Case No. 2023-00733 

[*1]New York City Housing Authority, Respondent,
v
Admiral Insurance Company, Appellant, Colony Insurance Company, Defendant.

Robinson & Cole LLP, New York (Aaron F. Mandel of counsel), for appellant.
Herzfeld & Rubin, P.C., New York (Miriam Skolnik of counsel), for respondent.

Order, Supreme Court, New York County (Lucy Billings, J.), entered January 3, 2023, which granted the motion of plaintiff New York City Housing Authority (NYCHA) for summary judgment declaring that defendant Admiral Insurance Company had untimely disclaimed insurance coverage, unanimously affirmed, without costs.
NYCHA established its entitlement to summary judgment, as the evidence submitted on its motion showed that Admiral's August 2018 disclaimer of coverage was untimely as a matter of law. Admiral does not dispute that it knew of a basis for disclaiming liability on the underlying Labor Law action as early as 2016, based on the injured worker's employment with an insured and the "action over" exclusion in its excess liability policy (see GPH Partners, LLC v American Home Assur. Co., 87 AD3d 843, 843-844 [1st Dept 2011]). Indeed, Admiral relied on the identical exclusion in its primary liability policy for its March 17, 2016 disclaimer on the primary policy.
Admiral contends that its disclaimer was timely because its duty to disclaim under the excess policy was triggered only once there was a reasonable possibility that the excess coverage might be reached (citing Kamyr, Inc. v St. Paul Surplus Lines Ins. Co., 152 AD2d 62, 66-67 [3d Dept 1989]). We reject the contention that the disclaimer was timely under this standard. Admiral had notice of just such a reasonable possibility no later than its 2017 receipt of NYCHA counsel's litigation plan, which contained ample grounds to conclude that excess coverage might be triggered (see ADD Plumbing, Inc. v Burlington Ins. Co., 192 AD3d 496, 496-497 [1st Dept 2021]; Liberty Mut. Fire Ins. Co. v Navigators Ins. Co., 158 AD3d 431, 432 [1st Dept 2018], lv denied 32 NY3d 903 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 7, 2024