523 BWAY, LLC v Erie & Niagara Ins. Assn. (2025 NY Slip Op 01598)

523 BWAY, LLC v Erie & Niagara Ins. Assn.

2025 NY Slip Op 01598

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
LILLIAN WAN, JJ.

2022-06220
 (Index No. 705307/21)

[*1]523 BWAY, LLC, appellant, 
v
Erie and Niagara Insurance Association, respondent.

Goldberg Segalla LLP, Buffalo, NY (Richard A. Galbo and Ashlyn M. Capote of counsel), for appellant.
Mura Law Group, Buffalo, NY (Scott D. Mancuso and Grace E. Tesmer of counsel), for respondent.

DECISION & ORDER
In an action for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff as an additional insured in an underlying personal injury action entitled Pacheco v Kasey Realty, LLC, commenced in the Supreme Court, Queens County, under Index No. 700770/18, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Robert J. McDonald, J.), dated June 27, 2022. The order and judgment granted the defendant's motion for summary judgment declaring that it is not obligated to defend and indemnify the plaintiff in the underlying personal injury action, denied, as academic, the plaintiff's cross-motion for summary judgment on the complaint, and declared that the defendant is not obligated to defend and indemnify the plaintiff in the underlying personal injury action.
ORDERED that the order and judgment is reversed, on the law, with costs, the defendant's motion for summary judgment declaring that it is not obligated to defend and indemnify the plaintiff in the underlying personal injury action is denied, the plaintiff's cross-motion for summary judgment on the complaint is granted, and the matter is remitted to the Supreme Court, Queens County, for the entry of an amended judgment, inter alia, declaring that the defendant is obligated to defend and indemnify the plaintiff as an additional insured in the underlying personal injury action entitled Pacheco v Kasey Realty, LLC, commenced in the Supreme Court, Queens County, under Index No. 700770/18.
Gary Berson leased dental office space (hereinafter the subject property) from the plaintiff, 523 BWAY, LLC (hereinafter 523 BWAY). The defendant, Erie and Niagara Insurance Association (hereinafter ENIA), issued a policy of insurance to Berson for the subject property for the period from June 15, 2016, to June 15, 2017. The policy listed 523 BWAY as an additional insured. In November 2016, Tara Pacheco, who was employed by Berson, slipped and fell in a parking lot at the subject property while walking to her car. Pacheco sought to recover damages in an underlying personal injury action entitled Pacheco v Kasey Realty, LLC, commenced in the Supreme Court, Queens County, under Index No. 700770/18 (hereinafter the underlying action).
523 BWAY's insurance carrier, Merchants Mutual Insurance Company, sought additional insured coverage from ENIA under Berson's policy. ENIA disclaimed coverage to 523 [*2]BWAY on the grounds, among others, that the parking lot at the subject property was not included in Berson's lease and, therefore, was not covered by ENIA's policy, that 523 BWAY failed to timely provide notice of the occurrence as soon as practicable, and that the additional insured endorsement of the policy excluded coverage for 523 BWAY's direct liability.
Thereafter, 523 BWAY commenced this action for a judgment declaring that ENIA is obligated to defend and indemnify 523 BWAY as an additional insured in the underlying action. ENIA moved for summary judgment declaring that it is not obligated to defend and indemnify 523 BWAY in the underlying action on the ground that the parking lot was not part of the insured premises. 523 BWAY cross-moved for summary judgment on the complaint. In an order and judgment dated June 27, 2022, the Supreme Court granted ENIA's motion, denied, as academic, 523 BWAY's cross-motion, and declared that ENIA is not obligated to defend and indemnify 523 BWAY in the underlying action. 523 BWAY appeals.
"An insurer's duty to defend its insured is 'exceedingly broad'" (Mack-Cali Realty Corp. v NGM Ins. Co., 119 AD3d 905, 906, quoting Regal Constr. Corp. v National Union Fire Ins. Co. of Pittsburgh, PA, 15 NY3d 34, 37). "[A]n additional insured is a recognized term in insurance contracts . . . [and] the well-understood meaning of the term is an entity enjoying the same protection as the named insured" (id. [alteration and internal quotation marks omitted]). "If any of the claims against an insured arguably arise from covered events, the insurer is required to defend the entire action" (Frank v Continental Cas. Co., 123 AD3d 878, 880).
"The phrase 'arising out of' . . . requires 'only that there be some causal relationship between the injury and the risk for which coverage is provided'" (Mack-Cali Realty Corp. v NGM Ins. Co., 119 AD3d at 906, quoting Worth Constr. Co., Inc. v Admiral Ins. Co., 10 NY3d 411, 415). "'An insurer does not wish to be liable for losses arising from risks associated with . . . premises for which the insurer has not evaluated the risk and received a premium'" (Lissauer v GuideOne Specialty Mut. Ins., 161 AD3d 974, 976, quoting Maroney v New York Cent. Mut. Fire Ins. Co., 5 NY3d 467, 472).
Here, ENIA failed to establish its prima facie entitlement to judgment as a matter of law. ENIA's policy unambiguously provided that 523 BWAY, as an additional insured, was entitled to coverage for "liability arising out of the ownership, maintenance or use of that part of the premises designated below leased, rented or loaned to the named insured," which premises was defined as "[d]entist office." Although the lease only described the subject property as "approximately 2,350 square feet . . . compris[ing] approximately one-half (½) of the building" located on the subject premises, it is undisputed that the subject property was utilized pursuant to the lease as a dental office for a dental practice. Therefore, even though the parking lot was not expressly included as part of the subject property, it appears that the subject property had at least a license to use the parking lot, since Pacheco testified in the underlying action that she parked in the parking lot when she came to work (see ZKZ Assoc. L.P. v CNA Ins. Co., 89 NY2d 990, 991). Moreover, the photographs from the investigation report prepared for ENIA by VanKleeck-Winne Adjusters, Inc., established that the premises was designed in such a way that anyone seeking access to the subject property must pass through the parking lot (see 1416 Coney Is. Realty, LLC v Wesco Ins. Co., 217 AD3d 807; Isidore Margel Trust Mitzi Zank Trustee v Mt. Hawley Ins. Co., 195 AD3d 799; Frank v Continental Cas. Co., 123 AD3d 878; Antoine v City of New York, 56 AD3d 583). Under these unique circumstances, Pacheco's injury arose out of the use of the subject property.
This case is distinguishable from this Court's determination in Atlantic Ave. Sixteen AD, Inc., v Valley Forge Ins. Co. (150 AD3d 1182). Here, the only way to access the subject property was to cross over the parking lot, whereas in Atlantic Ave., there appeared to have been multiple ways to access the leased premises. Moreover, in Atlantic Ave., the leased premises were expressly identified in the additional insured endorsement as the unit of the building leased by the lessee. Here, however, the additional insured endorsement defined the designated premises as the less-precise "[d]entist office."
While the Supreme Court denied, as academic, 523 BWAY's cross-motion for [*3]summary judgment on the complaint, since the merits of the cross-motion were litigated by the parties in the Supreme Court and briefed by the parties in this Court, we address the cross-motion in the interest of judicial economy (see Xin Fang Xia v Saft, 177 AD3d 823, 825).
For the same reasons discussed above, 523 BWAY established, prima facie, that as an additional insured, it was entitled to coverage in connection with the underlying action (see 1416 Coney Is. Realty, LLC v Wesco Ins. Co., 217 AD3d 807; Isidore Margel Trust Mitzi Zank Trustee v Mt. Hawley Ins. Co., 195 AD3d 799; Frank v Continental Cas. Co., 123 AD3d 878; Antoine v City of New York, 56 AD3d 583). In opposition, ENIA failed to raise a triable issue of fact.
Pursuant to Insurance Law § 3420(c)(2)(A), "[i]n any action in which an insurer alleges that it was prejudiced as a result of a failure to provide timely notice, the burden of proof shall be on: (i) the insurer to prove that it has been prejudiced, if the notice was provided within two years of the time required under the policy; or (ii) the insured, injured person or other claimant to prove that the insurer has not been prejudiced, if the notice was provided more than two years after the time required under the policy."
Here, the insurance policy stated that "[i]n case of an occurrence or if you become aware of anything that indicates there might be a claim under this policy, you must give us or our agent notice (in writing if requested) as soon as practicable." It is undisputed that the injury occurred in November 2016, and the underlying action was commenced in January 2018. 523 BWAY first informed ENIA of the claim on April 16, 2020, more than 3½ years after the accident date and more than 2 years after the underlying action was commenced. Under these circumstances, it was 523 BWAY's burden to establish, prima facie, that ENIA was not prejudiced by the late notice of the claim. 
Insurance Law § 3420(c)(2)(C) provides that "[t]he insurer's rights shall not be deemed prejudiced unless the failure to timely provide notice materially impairs the ability of the insurer to investigate or defend the claim." Here, 523 BWAY established, prima facie, that shortly after receiving notice of the claim, ENIA opened an investigation and performed a full review of the claim. Accordingly, 523 BWAY established, prima facie, that ENIA's rights were not prejudiced, and that 523 BWAY's failure to timely provide notice did not materially impair ENIA's ability to investigate or defend the claim (see id.). In opposition, ENIA failed to raise a triable issue of fact.
Pursuant to Insurance Law § 3420(d)(2), "[i]f under a liability policy issued or delivered in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant." "This rule applies even if the insured or the injured party has in the first instance failed to provide the carrier with timely notice of the accident or claim" (Matter of Interboro Mut. Indem. Ins. Co. v Rivas, 205 AD2d 536, 536; see Plotkin v Republic-Franklin Ins. Co., 177 AD3d 790, 793; Evanston Ins. Co. v P.S. Bruckel, Inc., 150 AD3d 693, 694; Delphi Restoration Corp. v Sunshine Restoration Corp., 43 AD3d 851, 852; New York Cent. Mut. Fire Ins. Co. v Markowitz, 147 AD2d 461, 462).
The "timeliness of an insurer's disclaimer is measured from the point in time when the insurer first learns of the grounds for disclaimer of liability or denial of coverage. Moreover, an insurer's explanation is insufficient as a matter of law where the basis for denying coverage was or should have been readily apparent before the onset of the delay" (First Fin. Ins. Co. v Jetco Contr. Corp., 1 NY3d 64, 68-69 [citations and internal quotation marks omitted]). "An insurer who delays in giving written notice of disclaimer bears the burden of justifying the delay" (id. at 69).
Here, 523 BWAY established, prima facie, that in a letter dated April 16, 2020 (hereinafter the April 2020 letter), addressed to ENIA, Merchants Mutual Insurance Company, on behalf of 523 BWAY, "tender[ed] their defense and indemnification and additional insured coverage to Gary Berson, DDS," ENIA's insured. The April 2020 letter also provided the caption and parties to the underlying action, the facts underlying that action, and a copy of the lease agreement and the [*4]complaint in the underlying action, which contained the date and location of the accident. Therefore, as of April 2020, ENIA "was on notice of the underlying accident several months before it disclaimed coverage" (ADD Plumbing, Inc. v Burlington Ins. Co., 192 AD3d 496, 497; see Insurance Law § 3420[c][2][C]) and possessed sufficient information upon which to commence an investigation with respect to the underlying incident (see ADD Plumbing, Inc. v Burlington Ins. Co., 192 AD3d at 497). Specifically, the April 2020 letter provided sufficient information upon which ENIA could investigate whether any policy exclusions applied to the claim, including whether 523 BWAY had provided late notice of the claim, or whether the vicarious liability exception contained in the LS-19 additional insured endorsement might apply.
Moreover, the record discloses that by letter dated April 17, 2020, ENIA informed Berson of the additional insured claim, indicating that ENIA had immediately opened an investigation into the underlying claim discussed in the April 2020 letter. Additionally, the June 2020 investigation report, which was completed less than two months after the April 2020 letter, noted that Berson "was aware of the incident when it took place in November of 2016, but did not notify [ENIA] as they are the carrier for his dental business." Notably, the June 2020 investigation report indicated that the adjuster had discussed the matter with ENIA and understood that ENIA "will be corresponding directly with Merchants Insurance Group to advise them that you[ ] will not be tendering their defense."
Accordingly, 523 BWAY established, prima facie, that ENIA had notice of the claim from the April 2020 letter, or, at the latest by June 1, 2020, the date of the June 2020 investigation report, at which time ENIA had confirmed the grounds for disclaiming coverage. Despite having notice of the claim, ENIA did not disclaim coverage until September 22, 2020, several months later. Such a delay is unreasonable as a matter of law (see First Fins. Co. v Jetco Contr. Corp., 1 NY3d at 70; Mann v Gulf Ins. Co., 3 AD3d 554; Uptown Whole Foods v Liberty Mut. Fire Ins. Co., 302 AD2d 592). In opposition, ENIA failed to raise a triable issue of fact.
Consequently, the order and judgment appealed from must be reversed, and we remit the matter to the Supreme Court, Queens County, for the entry of an amended judgment, among other things, declaring that ENIA is obligated to defend and indemnify 523 BWAY as an additional insured in the underlying action (see Lanza v Wagner, 11 NY2d 317).
CONNOLLY, J.P., GENOVESI, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court