■ PAUL L. FRANCIS, Plaintiff, v D & W SARATOGA, INC., Respondent, and WASHINGTON TITLE, Appellant. AMRIT PURAN, Intervenor-Respondent. [856 NYS2d 137]—

The appellant failed to make a prima facie showing that a claim made by the defendant D & W Saratoga, Inc. (hereinafter D & W), under a title insurance policy it issued to D & W was not covered under the policy. Accordingly, the Supreme Court properly denied the appellant's motion for summary judgment dismissing D & W's cross claims against it and, upon reargument, properly adhered to that determination.

The Supreme Court also properly determined that the appellant is obligated to defend D & W in the instant action under the terms of the title insurance policy. "[A]n insurer's duty to defend its insured arises whenever the allegations in a complaint state a cause of action that gives rise to the reasonable possibility of recovery under the policy" (*Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 65 [1991]; *see Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137 [2006]). "However, an insurer can be relieved of its duty to defend if it establishes as a matter of law that there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision" (*Allstate Ins. Co. v Zuk*, 78 NY2d 41, 45 [1991]). The appellant failed to make that showing. Its contention that coverage for D & W's claim is precluded under the policy because the basis for the claim, the conveyance of the subject property pursuant to a purportedly fraudulent deed, was not known to the appellant or was not part of the public record as of the effective date of the policy, is unavailing. "[A] title insurer will be liable for hidden defects and all matters affecting title within the policy coverage and not excluded or specifically excepted from said coverage" (*Citibank v Commonwealth Land Tit. Ins. Co.*, 228 AD2d 635, 637 [1996] [internal quotation marks omitted]; *see U.S. Bank Natl. Assn. TR U/A DTD 12/01/98 v Stewart Tit. Ins. Co.*, 37 AD3d 822, 824 [2007]). Here, the policy contains no specific exclusion from coverage in the event the deed conveying the property to D & W was fraudulent.

The appellant's remaining contentions are without merit. Spolzino, J.P., Santucci, Angiolillo and Balkin, JJ., concur.