Melamed v First Am. Tit. Ins. Co. (2021 NY Slip Op 00166)





Melamed v First Am. Tit. Ins. Co.


2021 NY Slip Op 00166


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-03876
 (Index No. 1408/17)

[*1]David N. Melamed, et al., appellants, 
v
First American Title Insurance Company, respondent.


Jaspan Schlesinger LLP, Garden City, NY (Steven R. Schlesinger, Christopher E. Vatter, and Rachel A. Morgenstern of counsel), for appellants.
Sills Cummis & Gross P.C., New York, NY (Jamiee Katz Sussner and Jason L. Jurkevich of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiffs in an underlying action entitled Abeles v Melamed, commenced in the Supreme Court, Nassau County, under Index Number 8008/16, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered February 7, 2018. The order denied the plaintiffs' motion for summary judgment on the complaint and granted the defendant's cross motion, in effect, for summary judgment declaring that it is not obligated to defend and indemnify the plaintiffs in the underlying action.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the defendant is not obligated to defend and indemnify the plaintiffs in the underlying action.
The plaintiffs, David N. Melamed and Mahvash M. Danielian, own certain real property in Roslyn Harbor, and nonparty Susan F. Abeles owns an adjoining parcel of land. Abeles commenced an action against the plaintiffs, inter alia, for a judgment declaring Abeles the owner by adverse possession of a portion of the parcel of land owned by the plaintiffs (hereinafter the Abeles action). The plaintiffs demanded that their title insurer, the defendant, First American Title Insurance Company (hereinafter First American), defend and indemnify them in the Abeles action. After First American refused that demand, the plaintiffs commenced the instant action, inter alia, for a judgment declaring that First American is obligated to defend and indemnify them in the Abeles action and for damages arising from their legal expenses in defending the Abeles action. The plaintiffs moved for summary judgment on the complaint, and First American cross-moved, in effect, for summary judgment declaring that it is not obligated to defend and indemnify the plaintiffs in the Abeles action. The Supreme Court denied the plaintiffs' motion and granted First American's cross motion. The plaintiffs appeal.
"Since the title insurer's liability to its insured is based, in essence, on contract law, that liability is governed and limited by the agreements, terms, conditions, and provisions contained in the title insurance policy" (A. Gugliotta Dev., Inc. v First Am. Tit. Ins. Co. of N.Y., 112 AD3d 559, 560). "An exclusion from coverage must be specific and clear in order to be enforced, and an [*2]ambiguity in an exclusionary clause must be construed most strongly against the insurer" (id. at 560 [internal quotation marks omitted]). "Indeed, before an insurance company is permitted to avoid policy coverage, it must satisfy the burden which it bears of establishing that the exclusions or exemptions apply in the particular case, and that they are subject to no other reasonable interpretation" (Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311 [citations omitted]).
"Where an insurance policy includes the insurer's promise to defend the insured against specified claims as well as to indemnify for actual liability, the insurer's duty to furnish a defense is broader than its obligation to indemnify" (id. at 310). "The duty to defend arises whenever the allegations in a complaint against the insured fall within the scope of the risks undertaken by the insurer, regardless of how false or groundless those allegations might be" (id.). "The duty is not contingent on the insurer's ultimate duty to indemnify should the insured be found liable, nor is it material that the complaint against the insured asserts additional claims which fall outside the policy's general coverage or within its exclusory provisions" (id.). "Rather, the duty of the insurer to defend the insured rests solely on whether the complaint alleges any facts or grounds which bring the action within the protection purchased" (id.). "However, an insurer can be relieved of its duty to defend if it establishes as a matter of law that there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision" (Allstate Ins. Co. v Zuk, 78 NY2d 41, 45; see Francis v D & W Saratoga, Inc., 49 AD3d 597, 598).
Here, we agree with the Supreme Court's determination that First American was not required to defend and indemnify the plaintiffs in the Abeles action. The subject title insurance policy included an exception for claims arising from the rights of persons in possession. Abeles's claim for possession of a portion of the plaintiffs' property by adverse possession was a claim arising from the rights of persons in possession (see Herbil Holding Co. v Commonwealth Land Tit. Ins. Co., 183 AD2d 219, 228). Contrary to the plaintiffs' contention, there was no other reasonable interpretation of this exception to the policy (see Seaboard Sur. Co. v Gillette Co., 64 NY2d at 311). Furthermore, as there was "no possible factual or legal basis on which" First American "might eventually be obligated to indemnify" the plaintiffs, it was not required to defend them in the Abeles action (Allstate Ins. Co. v Zuk, 78 NY2d at 45). Since the plaintiffs' demand for First American to defend and indemnify them in the Abeles action fell squarely within the foregoing exception from coverage, we agree with the court's determination denying their motion for summary judgment on the complaint and granting First American's cross motion, in effect, for summary judgment declaring that it was not obligated to defend and indemnify the plaintiffs in the Abeles action.
The plaintiffs' remaining contentions are without merit.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that First American is not obligated to defend and indemnify the plaintiffs in the Abeles action (see Lanza v Wagner, 11 NY2d 317, 334).
AUSTIN, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court