Long Is. Rail Rd. Co. v New York Mar. & Gen. Ins. Co. (2021 NY Slip Op 05698)





Long Is. Rail Rd. Co. v New York Mar. & Gen. Ins. Co.


2021 NY Slip Op 05698


Decided on October 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI, JJ.


2019-00065
 (Index No. 605550/16)

[*1]Long Island Rail Road Company, respondent,
v
New York Marine and General Insurance Company, appellant, et al., defendant. 


Shein & Associates, P.C., Syosset, NY (Jeffrey S. Shein, Susan R. Nudelman, and Zara Watkins of counsel), for respondent.
Kennedys CMK LLP, New York, NY (Ann Odelson of counsel), for appellant.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the defendant New York Marine and General Insurance Company is obligated to defend and indemnify the plaintiff in an underlying action entitled Morrison v Long Island Railroad, pending in the Supreme Court, Suffolk County, under Index No. 21729/15, the defendant New York Marine and General Insurance Company appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated November 19, 2018. The order, insofar as appealed from, denied the motion of the defendant New York Marine and General Insurance Company for summary judgment dismissing the complaint insofar as asserted against it and declaring that it is not obligated to defend or indemnify the plaintiff in the underlying action, and granted those branches of the plaintiff's cross motion which were for summary judgment declaring that the defendant New York Marine and General Insurance Company is so obligated, and to reimburse the attorneys' fees already incurred by the plaintiff in defending that action.
ORDERED that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the defendant New York Marine and General Insurance Company is obligated to defend and indemnify the plaintiff in the underlying action entitled Morrison v Long Island Railroad, pending in the Supreme Court, Suffolk County, under Index No. 21729/15, and to reimburse the attorneys' fees incurred by the plaintiff in defending that action.
In April 2016, the plaintiff, Long Island Rail Road Company (hereinafter LIRR), commenced this action against the defendants, Nouveau Elevator Industries, Inc. (hereinafter Nouveau), a company with which LIRR had a written agreement to provide escalator repair, maintenance, and attendant services at various LIRR facilities, and New York Marine and General Insurance Company (hereinafter NY Marine), the company that provided insurance to Nouveau during the time frame at issue. LIRR seeks a judgment, inter alia, declaring that NY Marine is obligated to defend and indemnify it in an action entitled Morrison v Long Island Railroad, pending against it in the Supreme Court, Suffolk County, under Index No. 21729/15 (hereinafter the underlying action), and to reimburse it for all attorneys' fees it already incurred therein. In the underlying action, the plaintiff Sharon Morrison alleged that, in January 2015, she was injured by [*2]an escalator at the LIRR Babylon Station. Here, LIRR alleged that it was an additional insured under an insurance policy that NY Marine had issued to Nouveau which was in place at the time of the events alleged in the underlying action such that NY Marine is obligated to defend and indemnify LIRR in the underlying action.
Following discovery, NY Marine moved for summary judgment dismissing the complaint insofar as asserted against it and declaring that NY Marine is not obligated to defend and indemnify LIRR in the underlying action. LIRR then cross-moved, inter alia, for summary judgment declaring that NY Marine is obligated to defend and indemnify it in the underlying action, and to reimburse it for all attorneys' fees it already incurred in that action. In an order dated November 19, 2018, the Supreme Court denied NY Marine's motion and granted those branches of LIRR's cross motion. NY Marine appeals. We affirm.
"When determining whether a third party is an additional insured under an insurance policy, a court must ascertain the intention of the parties to the policy, as determined from within the four corners of the policy itself" (Superior Ice Rink, Inc. v Nescon Contr. Corp., 52 AD3d 688, 691; see County of Nassau v Technology Ins. Co., Inc., 174 AD3d 847, 848-849). Here, an endorsement to the insurance policy at issue provided that additional insureds included "[a]ny person or organization for whom [Nouveau was] performing operations when [Nouveau] and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on [the] policy." Consequently, LIRR's entitlement to defense and indemnification under that insurance policy depends on whether there was a written agreement between Nouveau and LIRR requiring that LIRR be an additional insured (see e.g. Northside Tower Realty, LLC v Admiral Ins. Co., 180 AD3d 696, 697).
Here, LIRR established, prima facie, its entitlement to judgment as a matter of law declaring that NY Marine is obligated to indemnify it in the underlying action by demonstrating that it was an additional insured under the insurance policy provided by NY Marine to Nouveau (see Northside Tower Realty, LLC v Admiral Ins. Co., 180 AD3d at 697). In support of its cross motion, LIRR submitted, inter alia, the request for proposal, the notice of award to Nouveau, the notice to proceed, and a certificate of insurance including LIRR as an additional insured under Nouveau's insurance policy. In opposition, NY Marine failed to raise a triable issue of fact as to whether LIRR was an additional insured.
"The duty to defend arises whenever the allegations in a complaint against the insured fall within the scope of the risks undertaken by the insurer, regardless of how false or groundless those allegations might be" (Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 310; see One Reason Rd., LLC v Seneca Ins. Co., Inc., 163 AD3d 974, 975-976). "The duty is not contingent on the insurer's ultimate duty to indemnify should the insured be found liable, nor is it material that the complaint against the insured asserts additional claims which fall outside the policy's general coverage or within its exclusory provisions" (Seaboard Sur. Co. v Gillette Co., 64 NY2d at 310). "Rather, the duty of the insurer to defend the insured rests solely on whether the complaint alleges any facts or grounds which bring the action within the protection purchased" (Seaboard Sur. Co. v Gillette Co., 64 NY2d at 310; see One Reason Rd., LLC v Seneca Ins. Co., Inc., 163 AD3d at 975). "However, an insurer can be relieved of its duty to defend if it establishes as a matter of law that there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision" (Allstate Ins. Co. v Zuk, 78 NY2d 41, 45; see Melamed v First Am. Tit. Ins. Co., 190 AD3d 724,726). "[W]here an insurance policy is restricted to liability for any bodily injury 'caused, in whole or in part,'by the 'acts or omissions' of the named insured, the coverage applies to injury proximately caused by the named insured" (Burlington Ins. Co. v NYC Tr. Auth., 29 NY3d 313, 317).
LIRR also demonstrated, prima facie, its entitlement to judgment as a matter of law declaring that NY Marine is obligated to defend it in the underlying action pursuant to the terms of the insurance policy provided by NY Marine to Nouveau (see One Reason Rd., LLC v Seneca Ins. Co., Inc., 163 AD3d 974, 976-977). Here, the scope of the insurance policy covered "liability for [*3]'bodily injury' or 'property damage' caused, in whole or in part, by [Nouveau] at the location designated." In support of its cross motion, LIRR submitted, inter alia, the amended complaint and the bill of particulars in the underlying action which allege, among other things, that the injuries sustained by the plaintiff in that action were caused by a defective escalator at an LIRR facility. That amended complaint and the bill of particulars also include allegations as to the negligent operation and maintenance of the escalator. In opposition, NY Marine failed to show that there were no triable issues of fact as to whether any acts or omissions by Nouveau were the proximate cause of the alleged injuries in the underlying action. Thus, the Supreme Court also properly determined that NY Marine is obligated to defend LIRR in the underlying action.
NY Marine's remaining contention is without merit.
For all of the reasons set forth above, the Supreme Court also properly denied NY Marine's motion for summary judgment, inter alia, dismissing the complaint insofar as asserted against it (see e.g. Superior Ice Rink v Nescon Contr. Corp., 52 AD3d at 691-692).
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that NY Marine is obligated to defend and indemnify LIRR in the underlying action, and to reimburse LIRR for the attorneys' fees that it incurred in defending that action (see Lanza v Wagner, 11 NY2d 317, 334).
MASTRO, J.P., DUFFY, BRATHWAITE NELSON and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court