Pierot v Chicago Tit. Ins. Co. (2022 NY Slip Op 01057)





Pierot v Chicago Tit. Ins. Co.


2022 NY Slip Op 01057


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.,
REINALDO E. RIVERA
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.


2018-13287
 (Index No. 61938/15)

[*1]Audrey G. Pierot, et al., appellants, 
v
Chicago Title Insurance Company, respondent (and a third-party action).


Mitchell Pollack & Associates, PLLC, Tarrytown, NY (Mitchell B. Pollack, Eileen M. Burger, and Miesha L. M. Rodriguez of counsel), for appellants.
Adam Leitman Bailey, P.C., New York, NY (Jeffrey R. Metz and Jaclyn Halpern Weinstein of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract and for a judgment declaring that losses incurred by the plaintiffs are covered under a certain title insurance policy issued by the defendant, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated October 9, 2018. The order granted the defendant's motion for summary judgment, in effect, dismissing the breach of contract cause of action and declaring that the plaintiffs' losses are not covered under the subject title insurance policy.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the plaintiffs' losses are not covered under the subject title insurance policy.
By deed dated July 20, 2001, the plaintiffs obtained title to certain real property located in Scarsdale (hereinafter the property). The property abuts Elizabeth Street and Healy Avenue. A driveway leading from the residence on the property provides access to Elizabeth Street, a private road. In connection with the plaintiffs' purchase of the property, the defendant, Chicago Title Insurance Company (hereinafter Chicago Title), issued a policy of title insurance (hereinafter the policy).
In 2011, amid an ongoing dispute and litigation with a neighboring property owner regarding ownership and use of the driveway, the plaintiffs filed a claim with Chicago Title seeking, inter alia, coverage under the policy based on their alleged lack of a right of access to and from the property, and to recover the legal fees and expenses they had accrued and were continuing to accrue in the litigation with the neighboring property owner. Chicago Title denied those portions of the plaintiffs' claim based on, among other things, that the policy contained an exception from coverage with regard to driveway encroachments north of the property line as shown on a certain survey, in particular onto an adjacent property and Elizabeth Street.
Subsequently, the plaintiffs commenced this action against Chicago Title to recover damages for breach of contract and for a judgment declaring that their losses are covered under the policy. Chicago Title moved for summary judgment, in effect, dismissing the breach of contract cause of action and declaring that the plaintiffs' losses are not covered under the policy. In an order dated October 9, 2018, the Supreme Court granted the motion.
A "title insurer's liability to its insured is based, in essence, on contract law" (Melamed v First Am. Tit. Ins. Co., 190 AD3d 724, 725, quoting A. Guglitota Dev., Inc. v First Am. Tit. Ins. Co. of N.Y., 112 AD3d 559, 560). As such, "that liability is governed and limited by the agreements, terms, conditions, and provisions contained in the title insurance policy" (A. Guglitota Dev., Inc. v First Am. Tit. Ins. Co. of N.Y., 112 AD3d at 560). "An exclusion from coverage must be specific and clear in order to be enforced" (id. at 560 [internal quotation marks omitted]).
Here, Chicago Title met its prima facie burden of establishing its entitlement to judgment as a matter of law by demonstrating that the plaintiffs' claim fell within an exception to coverage under the policy (see Melamed v First Am. Tit. Ins. Co., 190 AD3d at 726). The plaintiffs directly, or through counsel received the policy which included exceptions from coverage with regard to their claims. Further, Chicago Title demonstrated that the plaintiffs have a legal right of access to the property because it abuts a public street (see 43 Park Owners Group, LLC v Commonwealth Land Tit. Ins. Co., 121 AD3d 937, 939). In opposition, the plaintiffs failed to raise a triable issue of fact (see Frydman v Fidelity Natl. Tit. Ins. Co., 68 AD3d 622, 623; see generally Zuckerman v City of New York, 49 NY2d 557, 562).
Accordingly, the Supreme Court properly granted Chicago Title's motion for summary judgment, in effect, dismissing the breach of contract cause of action and declaring that the plaintiffs' losses are not covered under the policy.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the plaintiffs' losses are not covered under the policy (see Lanza v Wagner, 11 NY2d 317, 334).
BRATHWAITE NELSON, J.P., RIVERA, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court