Villaver v Paglinawan (2024 NY Slip Op 04159)

Villaver v Paglinawan

2024 NY Slip Op 04159

Decided on August 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2021-04218
 (Index No. 721437/19)

[*1]Dorothy Villaver, appellant, 
v
James S. Paglinawan, et al., respondents.

Howley Law Firm P.C., New York, NY (John J.P. Howley and Warshawsky Law Firm [Steven M. Warshawsky] of counsel), for appellant.
Paglinawan Firm, P.C., Kew Gardens, NY (James S. Paglinawan pro se of counsel), respondent pro se and for respondent James S. Paglinawan.

DECISION & ORDER
In an action for declaratory relief and to recover damages for legal malpractice, breach of fiduciary duty, and intentional infliction of emotional distress, the plaintiff appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered May 12, 2021. The order granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint on the ground of collateral estoppel.
ORDERED that the order is reversed, on the law, with costs, that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint on the ground of collateral estoppel is denied, and the matter is remitted to the Supreme Court, Queens County, for a determination of the remaining branches of the defendants' motion.
In December 2018, the plaintiff commenced an action (hereinafter the prior action) against the defendants to recover damages for legal malpractice, breach of fiduciary duty, and intentional infliction of emotional distress. In an order dated May 7, 2019, the Supreme Court, Queens County (Robert I. Caloras, J.), inter alia, directed dismissal of the complaint pursuant to CPLR 3211(a)(1) and (5) based on the arbitration clause contained in the parties' retainer agreement and directed the parties to proceed to arbitration.
In July 2019, the plaintiff filed an arbitration claim against the defendants. The arbitrator subsequently closed the parties' case on the grounds that the plaintiff purportedly could not afford the required fees and the defendants had not responded to the arbitrator.
Thereafter, the plaintiff commenced this action (hereinafter the present action) against the defendants to recover damages for legal malpractice, breach of fiduciary duty, and intentional infliction of emotional distress, and for a judgment declaring that the defendants waived their right to arbitrate the plaintiff's claims, that arbitration would be prohibitively expensive, and that requiring the plaintiff to pursue her claims in arbitration would violate her due process rights. The defendants moved, inter alia, to dismiss the complaint pursuant to CPLR 3211(a)(5) on the ground that the doctrine of collateral estoppel precluded the plaintiff from relitigating issues against the defendants that were previously dismissed by the Supreme Court in the prior action. In an order entered May [*2]12, 2021, the Supreme Court, Queens County (Frederick D.R. Sampson, J.), granted that branch of the defendants' motion. The plaintiff appeals.
Pursuant to CPLR 3211(a)(5), a party may move to dismiss a cause of action based on the doctrine of collateral estoppel (see 23 E. 39th St. Dev., LLC v 23 E. 39th St. Mgt. Corp., 172 AD3d 964, 967). Under the doctrine of collateral estoppel, or issue preclusion, a party is precluded "from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500; see Cullen v Moschetta, 207 AD3d 699, 700). "This doctrine applies only 'if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action'" (City of New York v Welsbach Elec. Corp., 9 NY3d 124, 128, quoting Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349; see Jaber v Elayyan, 191 AD3d 964, 966). "The party seeking to invoke collateral estoppel has the burden to show the identity of the issues, while the party trying to avoid application of the doctrine must establish the lack of a full and fair opportunity to litigate" (Matter of Dunn, 24 NY3d 699, 704; see HSBC Bank USA, N.A. v Pantel, 179 AD3d 650, 651).
Here, the defendants failed to establish that the issue decided in the prior action was identical to the issues raised in the present action (see Simmons v Jones Law Group, LLC, 214 AD3d 835, 837). The only issue decided in the prior action was whether the retainer agreement signed by the parties contained a valid agreement to arbitrate. Although the plaintiff raised the issues of legal malpractice, breach of fiduciary duty, and intentional infliction of emotional distress in both the prior and present actions, the defendants failed to establish that these issues were "actually litigated, squarely addressed, and specifically decided" in the prior action (M. Kaminsky & M. Friedberger v Wilson, 150 AD3d 1094, 1095). Furthermore, the determination in the prior action does not preclude the plaintiff from raising in the present action whether the defendants waived their right to arbitrate and whether the cost of arbitration was prohibitively expensive, since these issues stem from events that occurred after the prior action had been dismissed. Thus, the Supreme Court should not have granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint on the ground of collateral estoppel.
In light of our determination, the other branches of the defendants' motion are no longer academic, and we remit the matter to the Supreme Court, Queens County, for a determination of the remaining branches of defendants' motion (see First Choice Plumbing Corp. v Miller Law Offs., PLLC, 164 AD3d 756, 758; Haddad v Muir, 215 AD3d 641, 643).
In light of the foregoing, we need not reach the plaintiff's remaining contention.
DILLON, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court