Arch Specialty Ins. Co. v HDI Gerling Am. Ins. Co. (2024 NY Slip Op 04281)

Arch Specialty Ins. Co. v HDI Gerling Am. Ins. Co.

2024 NY Slip Op 04281

Decided on August 22, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 22, 2024

Before: Oing, J.P., González, Kennedy, Higgitt, O'Neill Levy, JJ. 

Index No. 650203/19 Appeal No. 2273 Case No. 2023-01451 

[*1]Arch Specialty Insurance Company, Plaintiff-Respondent,
v
HDI Gerling American Insurance Company, Defendant-Appellant, Thyssenkrupp North America, Inc., et al., Defendants, United Specialty Insurance Company, Defendant-Respondent.

Mound Cotton Wollan & Greengrass LLP, New York (Kenneth M. Labbate of counsel), for appellant.
Connell Foley LLP, New York (William D. Deveau of counsel), for Arch Specialty Insurance Company, respondent.
Stonberg, Hickman & Pavloff, LLP, New York (Sherri N. Pavloff of counsel), for United Specialty Insurance Company, respondent.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered February 27, 2023, which granted plaintiff Arch Specialty Insurance Company's motion to reargue and, upon reargument, granted Arch's motion for summary judgment to the extent that it adjudged and declared that an HDI Gerling American Insurance Company policy issued to defendant Thyssenkrupp North America, Inc. (TKE) affords additional-insured coverage to nonparty premises owner SHS Ralph LLC (SHS-LLC) on a primary and noncontributory basis, with the scope of the additional-insured coverage to be determined based upon the underlying action, and adjudged and declared that HDI is required to defend SHS-LLC in the underlying action going forward, unanimously affirmed, without costs.
HDI has a duty to defend SHS-LLC, the owner of the property undergoing construction, as an additional insured based on an agreement between SHS-LLC and elevator contractor TKE, HDI's insured, as well as the allegations in the underlying Labor Law complaint and related third-party action, providing a basis to find a reasonable possibility of coverage (see Wilcox Dev. Corp. v HDI Global Ins. Co., 198 AD3d 590, 590 [1st Dept 2021] [finding Wilcox, the general contractor on the subject project, to be an additional insured covered by the same HDI policy and entitled to defense although its liability, the nature of which could ultimately exclude it from coverage, had yet to be determined]). The allegations against SHS-LLC as to its liability under Labor Law § 240(1), which is the remaining Labor Law claim asserted against it, are no different from those asserted against Wilcox.
An amendment to the additional insured provision providing that an additional insured was to be defended and indemnified for claims arising from TKE's acts, actions, omissions, or neglects, but not for its own acts, actions, omissions, neglects, or bare allegations, does not raise triable issues warranting denial of SHS-LLC's request for a declaration of HDI's duty to defend it in the underlying Labor Law action. Liability is not at issue at this juncture; the fact that an additional insured may ultimately be found liable solely for its own independent negligent acts or omissions, which are not covered under an additional insured provision, does not negate an insurer's duty to defend it (see Fitzpatrick v American Honda Motor Co., 78 NY2d 61, 65 [1991]; City of New York v Travelers Prop. Cas. Co. of Am., 196 AD3d 401, 402 [1st Dept 2021]). As recently found in the underlying action, issues of fact remain as to the liability of both SHS-LLC and Wilcox (see Caracciolo v SHS Ralph, LLC, 226 AD3d 865 [2d Dept 2024]; Caracciolo v SHS Ralph, LLC, 226 AD3d 861 [2d Dept 2024]; Caracciolo v SHS Ralph, LLC, 226 AD3d 859 [2d Dept 2024]). Thus, because all defendants, including TKE, might still be found to have proximately caused Caracciolo's injuries, HDI's duty to defend remains extant (see e.g. Citizens Ins. Co. of Am. v American Ins. Co., 187 [*2]AD3d 461 [1st Dept 2020]).
We have considered HDI's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: August 22, 2024