AIX Specialty Ins. Co. v Penn Burgers LLC (2024 NY Slip Op 51575(U))

[*1]

AIX Specialty Ins. Co. v Penn Burgers LLC

2024 NY Slip Op 51575(U)

Decided on November 19, 2024

Supreme Court, Kings County

Montelione, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 19, 2024
Supreme Court, Kings County

AIX Specialty Insurance Company, 797 Pennsylvania LLC, and RENAISSANCE REALTY GROUP LLC, Plaintiffs,

against
Penn Burgers LLC and UTICA FIRST INSURANCE COMPANY, Defendants.

Index No. 505986/2022 

Plaintiffs: AIX SPECIALTY INSURANCE COMPANY, 797 PENNSYLVANIA LLC, and RENAISSANCE REALTY GROUP LLC:
Alexander J. Papa, Esq.
Weber Gallagher Simpson Stapleton Fires & Newby, LLP
1500 Broadway, Suite 2401
New York, NY 10036
919-342-6000
Defendant: PENN BURGERS LLC
Nicolle Zavadoff, Esq. 
Hoffman Roth & Matlin, LLP 
505 8th Avenue, Suite 1101 
New York, NY 10018 
212-964-1890
Defendant: UTICA FIRST INSURANCE COMPANY
Joseph K. Poe, Esq.
Farber Brocks & Zane L.L.P.
400 Garden City Plaza, Suite 100 
Garden City, New York 11530
516-739-5100

Richard J. Montelione, J.

After oral argument, the following papers were read on this motion pursuant to CPLR 2219(a):
Papers NYSCEF DOC. #
MS#1
Defendant Penn Burgers LLC's Notice of Motion dated June 8, 2023 seeking an Order 1) pursuant to CPLR 3211(a)(5) dismissing the plaintiff's complaint against PENN BURGERS, LLC, and specifically the third and fourth causes of action in Plaintiff's complaint; attorney affirmation of Nicolle Zavadoff, affirmed on June 8, 2023; Exhibits A-F 19-26
Plaintiff's attorney affirmation in opposition, of Alexander J. Papa, Esq., affirmed on October 25, 2023; Exhibits A-B 33-35
MS#2
Plaintiffs' Notice of Motion dated November 3, 2023; attorney affirmation in support, of Alexander J. Papa, Esq., affirmed on November 3, 2023; Statement of Material Facts; Exhibits A-P 36-55
Defendants' attorney affirmation in reply, affirmed on January 31, 2024 58
This is a subrogation action seeking a declaratory judgment that 1) plaintiffs are covered under a certain policy issued by defendant Utica First Insurance Company ("Utica First") for all claims for personal injuries suffered by Audrey Minter allegedly sustained on or about October 9, 2015 and 2) Utica First had a duty to defend and indemnify Plaintiffs on all claims for personal injuries alleged to be sustained by Audrey Minter as a result of an October 9, 2015 accident. (Audrey Minter v 797 Pennsylvania LLC, 797 Penn Burger LLC, Penn Burgers LLC, 1940 Linden LLC, 1940 Linden Operating Corp. and Renaissance Realty Group LLC [Index #501149/2017, NYSCEF#255]). Alternatively, plaintiffs claim a breach of contract by the failure of defendant Penn Burgers LLC ("Penn Burgers") pursuant to the lease agreement to obtain a commercial general liability insurance policy, naming 797 Pennsylvania LLC and Renaissance Realty Group, LLC ("Renaissance") as additional insureds on the policy. Issue was joined by defendant Utica First by service of an answer on April 28, 2022 asserting, inter alia, that Utica First has no liability. Defendant Penn Burgers moves by pre-answer motion to dismiss asserting, inter alia, that it did obtain the proper insurance and did not otherwise breach the lease agreement as there was no legal obligation to defend or indemnify the plaintiffs given that the cause of the accident had nothing to do with any of the legal obligations or negligence of the defendants (or plaintiffs).
The court notes that a trial in the underlying matter occurred and the jury found fault on the part of plaintiff (non-party) Audrey Minter of 25% and found fault on the part of defendants (non-parties)1940 Linden LLC and 1940 Linden Operating Corp. of 75%. Ultimately, there was a settlement of $500,000.00 in favor of non-party Audrey Minter. (Audrey Minter v 797 Pennsylvania LLC, 797 Penn Burger LLC, Penn Burgers LLC, 1940 Linden LLC, 1940 Linden Operating Corp. and Renaissance Realty Group LLC [Index #501149/2017]), NYSCEF#255). The court directed a verdict in favor of defendants 797 Pennsylvania LLC (one of the plaintiffs here) and Penn Burgers LLC (one of the defendants here). (Index #501149/2017, NYSCEF#255). It is not clear from the moving or answering papers why the court directed a verdict in favor of the parties, but the court takes judicial notice that the plaintiff in the underlying matter stepped into a crack located just before the Burger King drive-through and the [*2]inference is drawn that the location of the accident was simply not on the premises of the parties. ([Index #501149/2017], NYSCEF#130, Transcript 100:8-12; 104:20-24). 
Defendant Penn Burgers now moves to dismiss (MS#1) the complaint, including the third cause of action alleging that it failed to obtain proper insurance and the fourth cause of action for declaratory judgment alleging that defendant Penn Burgers had an obligation to defend and indemnify the plaintiffs, asserting res judicata because identical issues were considered and decided by Hon. Robin Sheares in the underlying action. In opposition, plaintiff's counsel cites part of the trial transcript where Justice Sheares indicates that she will rule in plaintiff's favor. Although somewhat confusing, in the context of the entire transcript (and most significantly, in the abstract of the trial, dated January 25, 2022, it is clear that the court directed verdict in favor of both plaintiff 797 Pennsylvania LLC and defendant Penn Burgers LLC on the issue of liability. (Index #501149/2017, NYSCEF#255). The cross claims involving plaintiff 797 Pennsylvania LLC and Penn Burgers were never severed and never resolved. The non-parties may have settled the case in the underlying personal injury matter, but there is no indication that any party in this matter resolved the cross claims. Defendants take the position that the court in the underlying matter "(i)n granting the directed verdict found that the insured had no duty with regard to the location of the accident and was otherwise free from negligence" and therefore had no contractual obligations to defend or indemnify (NYSCEF#49). The court disagrees. Inasmuch as the issues regarding the contractual liabilities as between the parties have not been "actually litigated, squarely addressed, and specifically decided" in the prior action (M. Kaminsky & M. Friedberger v. Wilson, 150 AD3d 1094, 1095, 52 N.Y.S.3d 636), see Villaver v Paglinawan, 230 AD3d 533, 535, 216 NYS3d 242, 244, 2024 NY Slip Op 04159, 2024 WL 3682378 [2d Dept 2024], this court will consider such issues here.
It appears that plaintiff 797 Pennsylvania LLC is an additional party under the defendant First Utica's policy (NYSCEF #45, P. 75) which appears to be conceded by plaintiff and therefore defendant Penn Burgers did not breach the requirement to name the plaintiff as an additional party. Under Utica First's insurance policy, plaintiff 797 Pennsylvania LLC, is covered, and Renaissance Realty Group LLC, its agent, is also covered.[FN1]

Did defendant insurance company have a duty to defend? An insurer's duty to defend is broader than its duty to indemnify. Continental Cas. Co. v. Rapid-American Corp., 80 NY2d 640, 648, 609 N.E.2d 506, 593 N.Y.S.2d 966 (1993). Defendant Utica First, by letter dated September 20, 2017 (NYSCEF #47), declined to defend, and indemnify because it was investigating whether the accident occurred in an area where it was the landlord's responsibility to repair. Plaintiff 797 Pennsylvania LLC by letter rejected the tender letter and claimed that the tenant was responsible for all repairs of the subject premises. The court notes that the lease provided by plaintiff (NYSCEF #4) does not speak to repairs as to a "raised, concrete parking lot divider" and plaintiffs do not direct the court's attention to any provision that makes the defendant liable. The part of the rider to the lease which was typed up to make it readable (Plaintiffs' Response to Defendants' Statements of Additional Material Facts, NYSCEF#71) does not indicate that defendant Penn Burgers LLC would be responsible for the object or the part of [*3]the parking lot that caused the underlying personal injury. The Court in 1416 Coney Is. Realty, LLC v Wesco Ins. Co., 217 AD3d 807, 808-09, 191 NYS3d 462, 464-65, 2023 NY Slip Op 03320, 2023 WL 4095789 [2d Dept 2023] applies the following test in determining the duty to defend:
An insurance carrier's duty to defend 'arises whenever the allegations in a complaint state a cause of action that gives rise to the reasonable possibility of recovery under the policy' (Fieldston Prop. Owners Assn., Inc. v. Hermitage Ins. Co., Inc., 16 NY3d 257, 264, 920 N.Y.S.2d 763, 945 N.E.2d 1013 [internal quotation marks omitted]). 'If any of the claims against an insured arguably arise from covered events, the insurer is required to defend the entire action' (id. at 264, 920 N.Y.S.2d 763, 945 N.E.2d 1013 [internal quotation marks omitted]). 'If the allegations of the complaint are even potentially within the language of the insurance policy, there is a duty to defend' (Town of Massena v. Healthcare Underwriters Mut. Ins. Co., 98 NY2d 435, 443, 749 N.Y.S.2d 456, 779 N.E.2d 167).
Here, defendant insurer has not met its prima facie burden of showing that in the underlying action there was no reasonable possibility of recovery under the policy, that the claims did not arise from a covered event, or that the allegations within the complaint were not even potentially within the language of the insurance policy. In fact, the court in the underlying case denied a motion for summary judgment finding questions of fact as to the location of the accident. (Index #501149/2017, NYSCEF#183). Although the court in the underlying matter, in fact, directed a verdict and dismissed the action against both plaintiff owner and defendant tenant, at trial, this court cannot apply hindsight when the test is not the ultimate result but an assessment of whether the "allegations of the complaint are potentially within the language of the insurance policy." As the court finds there was a duty to defend Penn Burgers, there was also a duty to defend plaintiff owner as an additional insured even though it was ultimately found that the insured was not the proximate cause of the plaintiff's injuries in the underlying matter. See McCoy v Medford Landing, L.P., 164 AD3d 1436, 1440, 84 NYS3d 224, 229, 2018 NY Slip Op 06236, 2018 WL 4608843 [2d Dept 2018], " 'An additional insured is entitled to the same coverage as if it were a named insured' (Chappaqua Cent. Sch. Dist. v. Philadelphia Indem. Ins. Co., 148 AD3d 980, 982, 48 N.Y.S.3d 784);" see also, Long Is. Rail Rd. Co. v New York Mar. and Gen. Ins. Co., 198 AD3d 888, 155 NYS3d 214, 2021 NY Slip Op 05698, 2021 WL 4888776 [2d Dept 2021]; Arch Specialty Ins. Co. v HDI Gerling Am. Ins. Co., 230 AD3d 445, 217 NYS3d 41, 2024 NY Slip Op 04281, 2024 WL 3891858 [1st Dept 2024].
Based on the foregoing, it is
ORDERED that defendant PENN BURGERS, LLC's motion to dismiss the complaint against it (MS#1), including the third cause of action against it alleging a breach of contract for failure to procure insurance to cover plaintiff owner and agent, and the fourth causes of action in the complaint alleging a failure of defendant Penn Burgers LLC to defend and indemnify plaintiffs, are GRANTED and the complaint against PENN BURGERS, LLC is DISMISSED; and it is
ORDERED that Plaintiffs 797 PENNSYLVANIA LLC and RENAISSANCE REALTY GROUP LLC's motion for summary judgment is GRANTED to the extent that the court finds a duty of defendant UTICA FIRST INSURANCE COMPANY (MS#2) to defend Plaintiff 797 [*4]PENNSYLVANIA LLC and its agent RENAISSANCE REALTY GROUP LLC; and
It is,
ORDERED ADJUDGED AND DECLARED, that Plaintiff 797 PENNSYLVANIA LLC and its agent, RENAISSANCE REALTY GROUP LLC, are additional insured under UTICA FIRST INSURANCE COMPANY's policy, Businessowners Policy, BOP 1422121-02, for the effective dates of June 20, 2015, to June 20, 2016, for the accident occurring on October 9, 2015; and it is further
ORDERED ADJUDGED AND DECLARED, that defendant UTICA FIRST INSURANCE COMPANY has/had no duty to indemnify Plaintiffs 797 PENNSYLVANIA LLC, and RENAISSANCE REALTY GROUP LLC on all claims for personal injuries alleged to be sustained by Audrey Minter because of the October 9, 2015, accident; and it is further
ORDERED ADJUDGED AND DECLARED, that defendant UTICA FIRST INSURANCE COMPANY has/had a duty to defend Plaintiffs 797 PENNSYLVANIA LLC, and RENAISSANCE REALTY GROUP LLC, and an obligation to reimburse plaintiff AIX SPECIALTY INSURANCE COMPANY for the reasonable costs of its defense of the foregoing plaintiffs in the underlying matter Audrey Minter v 797 Pennsylvania LLC, 797 Penn Burger LLC, Penn Burgers LLC, 1940 Linden LLC, 1940 Linden Operating Corp. and Renaissance Realty Group LLC [Index #501149/2017]), NYSCEF#255); and it is further
ORDERED ADJUDGED AND DECLARED, that defendant UTICA FIRST INSURANCE COMPANY has/had a duty to reimburse plaintiff AIX SPECIALTY INSURANCE COMPANY for the reasonable attorneys' fees and costs as a result of the instant declaratory action under the above index number; and it is further
ORDERED that defendant UTICA FIRST INSURANCE COMPANY's first counterclaim alleging that any expended sums in connection with the defense and/or indemnification of plaintiffs 797 PENNSYLVANIA LLC, and RENAISSANCE REALTY GROUP LLC, in the underlying action commenced by Audrey Minter, were unreasonable is severed; and it is further
ORDERED that defendant UTICA FIRST INSURANCE COMPANY's second counterclaim alleging 797 PENNSYLVANIA LLC, and RENAISSANCE REALTY GROUP LLC were not additional insured and third counterclaim alleging that if it was found to be liable its liability is only for excess coverage, is DISMISSED; and it is further
ORDERED that any other request for relief not already addressed have been considered and are DENIED.
This constitutes the decision, order and declaratory judgment of the Court.
Hon. Richard J. Montelione

Footnotes

Footnote 1:The policy provides the additional insured protection for acts, "for which 'you' are legally liable," which must include agent. (NYSCEF#45, Additional Insured, Lessor of Premises, Schedule, p. UFIC000077, 1[b]).