Island Trees Union Free Sch. Dist. v A 1 Constr. Serv., Inc (2025 NY Slip Op 07289)

Island Trees Union Free Sch. Dist. v A 1 Constr. Serv., Inc

2025 NY Slip Op 07289

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2024-06567
 (Index No. 601339/20)

[*1]Island Trees Union Free School District, appellant,
v A 1 Construction Service, Inc., et al., defendants, One Beacon Insurance Group, respondent.

Morris Duffy Alonso Faley & Pitcoff, New York, NY (Iryna S. Krauchanka and Kevin G. Faley of counsel), for appellant.
Gordon & Rees LLP, New York, NY (Scott V. Heck of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the defendant One Beacon Insurance Group is obligated to defend and indemnify the plaintiff as an additional insured in an underlying consolidated action entitled Salazar v A 1 Construction Service, Inc., pending in the Supreme Court, Nassau County, under Index No. 610234/18, the plaintiff appeals from an order of the Supreme Court, Nassau County (Catherine Rizzo, J.), dated March 12, 2024. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment declaring that the defendant One Beacon Insurance Group is obligated to defend and indemnify it as an additional insured in the underlying consolidated action and granted that branch of the motion of the defendant One Beacon Insurance Group which was, in effect, for summary judgment declaring that it is not obligated to defend and indemnify the plaintiff as an additional insured in the underlying consolidated action.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant One Beacon Insurance Group which was, in effect, for summary judgment declaring that it is not obligated to defend and indemnify the plaintiff as an additional insured in the underlying consolidated action entitled Salazar v A 1 Construction Service, Inc., pending in the Supreme Court, Nassau County, under Index No. 610234/18, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff, Island Trees Union Free School District (hereinafter the School District), hired the defendant A 1 Construction Service, Inc. (hereinafter A1), to perform construction services as a general contractor at a school located in Nassau County. A1 hired the defendant FALC Corp. (hereinafter FALC) as a subcontractor on the project. An employee of FALC allegedly was injured in the course of his work on the project and commenced separate actions to recover damages for personal injuries against A1 and the School District, which were later consolidated (hereinafter the underlying action).
At the time of the accident, FALC had a commercial general liability insurance policy in effect with the defendant One Beacon Insurance Group (hereinafter One Beacon). The policy [*2]contained an endorsement entitled "Additional Insured," which included as an additional insured "[a]ny person or organization for which the Named Insured has agreed to provide insurance prior to loss as provided by this policy." The School District tendered to One Beacon a claim for a defense and indemnification in the underlying action on the basis that the School District was an additional insured under the insurance policy. One Beacon denied coverage.
The School District commenced this action against, among others, One Beacon, inter alia, for a judgment declaring that One Beacon is obligated to defend and indemnify the School District as an additional insured in the underlying action. The School District moved, among other things, for summary judgment declaring that One Beacon is obligated to defend and indemnify it as an additional insured in the underlying action, and One Beacon moved, inter alia, in effect, for summary judgment declaring that it is not obligated to defend and indemnify the School District as an additional insured in the underlying action. In an order dated March 12, 2024, the Supreme Court, among other things, denied that branch of the School District's motion and granted that branch of One Beacon's motion. The School District appeals.
"'When determining whether a third party is an additional insured under an insurance policy, a court must ascertain the intention of the parties to the policy, as determined from within the four corners of the policy itself'" (Long Is. Rail Rd. Co. v New York Mar. & Gen. Ins. Co., 198 AD3d 888, 890, quoting Superior Ice Rink, Inc. v Nescon Contr. Corp., 52 AD3d 688, 691; see Meadowbrook Pointe Dev. Corp. v F & G Concrete & Brick Indus., Inc., 214 AD3d 965, 970). "'[A]s with the construction of contracts generally, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning, and the interpretation of such provisions is a question of law for the court'" (Burlington Ins. Co. v NYC Tr. Auth., 29 NY3d 313, 321 [internal quotation marks omitted], quoting Vigilant Ins. Co. v Bear Stearns Cos., Inc., 10 NY3d 170, 177).
Here, the School District failed to demonstrate, prima facie, that it was an additional insured under the insurance policy. The certificate of insurance naming the School District as an additional insured was insufficient, without more, to show that FALC had agreed to insure the School District (see Chipotle Mexican Grill, Inc. v RLI Ins. Co., 199 AD3d 979, 983; Empire Ins. Co. v Insurance Corp. of N.Y., 40 AD3d 686, 688). "A certificate of insurance is evidence of a contract for insurance, but is not conclusive proof that the contract exists and not, in and of itself, a contract to insure" (Penske Truck Leasing Co. v Home Ins. Co., 251 AD2d 478, 479). Likewise, an email correspondence and a deposition testimony transcript submitted by the School District in support of its motion merely demonstrated FALC's routine practices regarding insuring third parties but failed to demonstrate a specific agreement by FALC to name the School District as an additional insured. Accordingly, the Supreme Court properly denied that branch of the School District's motion which was for summary judgment declaring that One Beacon is obligated to defend and indemnify it as an additional insured in the underlying action (see Continental Ins. Co. v Greenwich Ins. Co., 188 AD3d 451, 451; see also Long Is. Rail Rd. Co. v New York Mar. & Gen. Ins. Co., 198 AD3d at 890).
However, the Supreme Court should have denied that branch of One Beacon's motion which was, in effect, for summary judgment declaring that it is not obligated to defend and indemnify the School District as an additional insured in the underlying action. "'A party that moves for summary judgment dismissing a claim for contractual indemnification must make a prima facie showing that it was not contractually obligated to indemnify the party asserting the indemnification claim'" (Meadowbrook Pointe Dev. Corp. v F & G Concrete & Brick Indus., Inc., 214 AD3d at 970, quoting Burgos v 14 E. 44 St., LLC, 203 AD3d 688, 689). The additional insured endorsement in the insurance policy did not require FALC's agreement naming an additional insured to be reduced to writing or that One Beacon receive notice of the agreement, and therefore, One Beacon's evidence indicating that it had no notice of a written agreement failed to demonstrate that the School District was not an additional insured. There remains a triable issue of fact as to the existence of an oral agreement by FALC to cover the School District as an additional insured (see Continental Ins. Co. v Greenwich Ins. Co., 188 AD3d at 452; Wasek v New York City Health & Hosps. Corp., 123 AD3d 493, 493-494; Penske Truck Leasing Co. v Home Ins. Co., 251 AD2d at 479). Therefore, One Beacon failed to demonstrate, prima facie, that it is not obligated to defend and indemnify the School [*3]District as an additional insured in the underlying action pursuant to the terms of the additional insured endorsement within the insurance policy.
CHAMBERS, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court