Ash Dev., LLC v Fidelity Natl. Title Ins. Co.

2026 NY Slip Op 02091

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Ash Development, LLC, appellant,

v

Fidelity National Title Insurance Company, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2023-11754, 2023-11755, 2024-09520, (Index No. 607536/22)

Colleen D. Duffy, J.P.

William G. Ford

Donna-Marie E. Golia

Susan Quirk, JJ.

Rosenberg Calica Birney Liebman & Ross LLP, Garden City, NY (Robert M. Calica and Edward M. Ross of counsel), for appellant.

Bond, Schoeneck & King PLLC, New York, NY (Mark A. Berman and Dawn M. Wilson of counsel), for respondent.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for breach of contract and for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in an underlying action entitled Merling v Ash Development, LLC, commenced in the Supreme Court, Queens County, under Index No. 719085/18, and to reimburse the plaintiff for attorneys' fees incurred in an underlying action entitled Ash Development, LLC v Merling, commenced in the Supreme Court, Queens County, under Index No. 717088/20, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), dated October 19, 2023, (2) a judgment of the same court entered November 16, 2023, and (3) an order of the same court entered August 27, 2024. The order dated October 19, 2023, granted the defendant's converted motion for summary judgment dismissing the complaint and, in effect, with respect to the fourth cause of action, and denied that branch of the plaintiff's cross-motion which was for summary judgment on the fourth cause of action. The judgment, upon the order dated October 19, 2023, is in favor of the defendant and against the plaintiff dismissing the complaint. The order entered August 27, 2024, insofar as appealed from, upon reargument, adhered to the determination granting the defendant's converted motion and denied that branch of the plaintiff's motion which was for leave to renew its opposition to the defendant's converted motion.

ORDERED that the appeal from the order dated October 19, 2023, is dismissed; and it is further,

ORDERED that the judgment is modified, on the law, by deleting the provision thereof dismissing the fourth cause of action, and adding thereto a provision declaring that the defendant is not obligated to defend and indemnify the plaintiff in an underlying action entitled Merling v Ash Development, LLC, commenced in the Supreme Court, Queens County, under Index No. 719085/18, and to reimburse the plaintiff for attorneys' fees incurred in an underlying action entitled Ash Development, LLC v Merling, commenced in the Supreme Court, Queens County, under Index No. 717088/20; as so modified, the judgment is affirmed; and it is further,

ORDERED that the order entered August 27, 2024, is affirmed insofar as appealed from; and it is further,

ORDERED that one bill of costs is awarded to the defendant.

The appeal from the order dated October 19, 2023, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order dated October 19, 2023, are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).

The plaintiff commenced this action against the defendant, inter alia, to recover damages for breach of contract and for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in an underlying adverse possession action commenced against the plaintiff (hereinafter the adverse possession action) and to reimburse the plaintiff for attorneys' fees incurred in an easement action commenced by the plaintiff (hereinafter the easement action). The defendant moved pursuant to CPLR 3211(a)(7) to dismiss the complaint, and the plaintiff cross-moved to convert the defendant's motion to a motion for summary judgment and for summary judgment on the fourth cause of action, which sought a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in the adverse possession action and to reimburse the plaintiff for attorneys' fees incurred in the easement action. In an order dated July 6, 2023, the Supreme Court granted that branch of the plaintiff's cross-motion which was to convert the defendant's motion to a motion for summary judgment. Following additional submissions by the parties, in an order dated October 19, 2023, the court granted the defendant's converted motion for summary judgment dismissing the complaint and, in effect, with respect to the fourth cause of action, and denied that branch of the plaintiff's cross-motion which was for summary judgment on the fourth cause of action. The court thereafter issued a judgment, upon the order dated October 19, 2023, in favor of the defendant and against the plaintiff dismissing the complaint.

Thereafter, the plaintiff moved for leave to reargue and renew its opposition to the defendant's converted motion. In an order entered August 27, 2024, the Supreme Court granted reargument and, upon reargument, adhered to the determination granting the defendant's converted motion, and denied that branch of the plaintiff's motion which was for leave to renew. The plaintiff appeals.

"'Since the title insurer's liability to its insured is based, in essence, on contract law, that liability is governed and limited by the agreements, terms, conditions, and provisions contained in the title insurance policy'" (Melamed v First Am. Tit. Ins. Co., 190 AD3d 724, 725, quoting A. Gugliotta Dev., Inc. v First Am. Tit. Ins. Co. of N.Y., 112 AD3d 559, 560; see Pierot v Chicago Tit. Ins. Co., 202 AD3d 1010, 1011). "An exclusion from coverage must be specific and clear in order to be enforced, and an ambiguity in an exclusionary clause must be construed most strongly against the insurer" (Melamed v First Am. Tit. Ins. Co., 190 AD3d at 725 [internal quotation marks omitted]; see Pierot v Chicago Tit. Ins. Co., 202 AD3d at 1011).

"'Where an insurance policy includes the insurer's promise to defend the insured against specified claims as well as to indemnify for actual liability, the insurer's duty to furnish a defense is broader than its obligation to indemnify'" (Melamed v First Am. Tit. Ins. Co., 190 AD3d at 726, quoting Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 310). "The duty to defend arises whenever the allegations in a complaint against the insured fall within the scope of the risks undertaken by the insurer, regardless of how false or groundless those allegations might be" (id. [internal quotation marks omitted]). "The duty is not contingent on the insurer's ultimate duty to indemnify should the insured be found liable, nor is it material that the complaint against the insured asserts additional claims which fall outside the policy's general coverage or within its exclusory provisions" (id. [internal quotation marks omitted]). "Rather, the duty of the insurer to defend the insured rests solely on whether the complaint alleges any facts or grounds which bring the action within the protection purchased" (id. [internal quotation marks omitted]; see Long Is. Rail Rd. Co. v New York Mar. & Gen. Ins. Co., 198 AD3d 888, 890). "However, an insurer can be relieved of [*2]its duty to defend if it establishes as a matter of law that there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision" (Allstate Ins. Co. v Zuk, 78 NY2d 41, 45; see Francis v D & W Saratoga, Inc., 49 AD3d 597, 598).

Here, the Supreme Court properly determined that the defendant is not required to defend and indemnify the plaintiff in the adverse possession action. The title insurance policy included an exception for claims arising from the rights of persons in possession (see Melamed v First Am. Tit. Ins. Co., 190 AD3d at 726-727; Herbil Holding Co. v Commonwealth Land Tit. Ins. Co., 183 AD2d 219, 228). Contrary to the plaintiff's contention, there was no other reasonable interpretation of this exception to the policy (see Seaboard Sur. Co. v Gillette Co., 64 NY2d at 311; Melamed v First Am. Tit. Ins. Co., 190 AD3d at 726).

Additionally, under the circumstances, there is no basis to disturb the Supreme Court's determination that there was no conflict of interest that would require the defendant to pay attorneys' fees incurred by the plaintiff after the plaintiff retained private counsel not approved by the defendant in the easement action (see Findlay v Chicago Title Ins. Co., 2022 IL App [1st] 210889, ¶¶ 47-52, 215 NE3d 1006, 1018-1019).

However, the Supreme Court erred in dismissing the cause of action for declaratory relief merely because the plaintiff "[was] not entitled to the declaration" that it sought (Lanza v Wagner, 11 NY2d 317, 334; see 200 Genesee St. Corp. v City of Utica, 6 NY3d 761, 762). Since this is, in part, a declaratory judgment action, the judgment should have included a provision declaring that the defendant is not obligated to defend and indemnify the plaintiff in the adverse possession action and to reimburse the plaintiff for attorneys' fees incurred in the easement action (see Elgin Realty, Inc. v Klein, 109 AD3d 785, 787; Serrano v Republic Ins., 48 AD3d 665, 666).

The plaintiff's remaining contention is without merit.

DUFFY, J.P., FORD, GOLIA and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court